Matthew S. Barr
Michael L. Hirschfeld
Samuel A. Khalil
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

*Attorneys for Ad Hoc Group of Senior Secured Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                                                : Chapter 11
                                                                                        :
LYONDELL CHEMICAL COMPANY, et al.,            : Case No. 09-10023 (REG)
                                                                                        :
                                                        Debtors.          : Jointly Administered
---------------------------------------------------------------x
                                                                                        :
OFFICIAL COMMITTEE OF UNSECURED             :
CREDITORS, on behalf of The Debtors' Estates,     :
                                                                                        :
                                                        Plaintiffs         :
                                                                                        :
                    v.                                                               : Adv. No. 09-01375
                                                                                        :
CITIBANK, N.A., LONDON BRANCH, et al.,          :
                                                                                        :
                                                        Defendants.    :
---------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF AD HOC GROUP OF SENIOR
SECURED LENDERS FOR ENTRY OF ORDER PURSUANT TO
11 U.S.C. § 1109(b) AND FED. R. CIV. P. 24(a) GRANTING RIGHT TO
INTERVENE IN ADVERSARY PROCEEDING COMMENCED BY
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

PLEASE TAKE NOTICE that a hearing to consider the relief requested in the

*Motion Of Ad Hoc Group Of Senior Secured Lenders For Entry Of Order Pursuant To*

*11 U.S.C. § 1109(b) And Fed. R. Civ. P. 24(a) Granting Right To Intervene In Adversary*

*Proceeding Commenced By Official Committee Of Unsecured Creditors* dated July 30, 2009 (the "Motion"), filed by the Ad Hoc Group of Senior Secured Lenders (the "Ad Hoc Group")[1] shall be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 621, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **August 11, 2009 at 9:45 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion and the relief requested therein shall be made in writing, shall state with particularity the grounds therefor, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, on a 3.5 inch disk or CD-ROM, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and

---

[1] The Ad Hoc Group consists of certain lenders, and/or their investment managers, under that certain Credit Agreement, dated as of December 20, 2007, as amended and restated as of April 30, 2008, among Lyondell AF, Lyondell, LyondellBasell Industries Holdings B.V., Basell Finance Company, B.V. and Basell Germany Holdings GmbH, as borrowers, the subsidiary guarantors party thereto, Citibank, N.A., as primary administrative agent and as collateral agent, the other agents and other entities party thereto and the financial institutions and other persons or entities party thereto as lenders.

The members of the Ad Hoc Group include: (i) ABN AMRO Bank, N.V. ("ABN"), (ii) Ares Management, (iii) Bank of Scotland Plc, (iv) DZ Bank AG, Deutsche Zentral-Genossenschaftsbank, (v) Kohlberg Kravis Roberts & Co. (Fixed Income) LLC and (vi) LeverageSource III S.à.r.l. Because ABN, although a member of the Ad Hoc Group, is an individually-named defendant in the Complaint (as defined in the Motion) and is not represented by counsel to the Ad Hoc Group with respect to the Adversary Proceeding but rather is separately represented by counsel in its capacity as an Arranger (as defined in the Motion), ABN abstained from the decision of whether the Ad Hoc Group should file the Motion.

served in accordance with General Order M-242 or otherwise so as to be actually received no later than **August 7, 2009 at 4:00 p.m. (prevailing Eastern Time)** by: (i) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, attorneys for the Ad Hoc Group, One Chase Manhattan Plaza, New York, New York 10005 (Attn: Matthew S. Barr, Esq. and Samuel A. Khalil, Esq.); (ii) Brown Rudnick LLP, attorneys for the Plaintiff Official Committee of Unsecured Creditors, Seven Times Square, New York, New York 10036 (Attn: Edward S. Weisfelner, Esq.) and Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attn: Steven D. Pohl, Esq.); (iii) Cadwalader, Wickersham & Taft LLP, attorneys for the Debtors, One World Financial Center, New York, New York 10281 (Attn: Deryck A. Palmer, Esq. and Jessica L. Fink, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.); and (v) Defendants to the above-captioned adversary proceeding, or their counsel, to the extent known.

Dated: New York, New York
July 30, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

/s/ Matthew S. Barr
Matthew S. Barr
Michael L. Hirschfeld
Samuel A. Khalil
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
mbarr@milbank.com
mhirschfeld@milbank.com
skhalil@milbank.com

*Attorneys for Ad Hoc Group of Senior Secured Lenders*

HEARING DATE AND TIME: August 11, 2009 at 9:45 a.m. (prevailing Eastern Time)
OBJECTION DEADLINE: August 7, 2009 at 4:00 p.m. (prevailing Eastern Time)

Matthew S. Barr
Michael L. Hirschfeld
Samuel A. Khalil
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

*Attorneys for Ad Hoc Group of Senior Secured Lenders*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LYONDELL CHEMICAL COMPANY, et al., | : | Case No. 09-10023 (REG) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------------------x
| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of The Debtors' Estates, | : : : | |
| | : | |
| Plaintiffs | : : | |
| v. | : : | Adv. No. 09-01375 |
| CITIBANK, N.A., LONDON BRANCH, et al., | : : | |
| Defendants. | : | |

------------------------------------------------------------------------x

**MOTION OF AD HOC GROUP OF SENIOR SECURED LENDERS FOR ENTRY
OF ORDER PURSUANT TO 11 U.S.C. § 1109(b) AND FED. R. CIV. P. 24(a)
GRANTING RIGHT TO INTERVENE IN ADVERSARY PROCEEDING
<u>COMMENCED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

JURISDICTION AND VENUE .................................................................................................... 3

BACKGROUND ........................................................................................................................... 3

RELIEF REQUESTED .................................................................................................................. 5

BASIS FOR RELIEF ..................................................................................................................... 5

    I.      AD HOC GROUP HAS ABSOLUTE RIGHT TO INTERVENE IN ADVERSARY PROCEEDING ........................................................................... 5

          A.      Section 1109(b) of Bankruptcy Code, Civil Rule 24(a)(1) and Bankruptcy Rule 7024 Grant Ad Hoc Group Absolute Right To Intervene ............................................................................................................ 5

          B.      Motion is Timely ................................................................................................ 6

NOTICE .......................................................................................................................................... 7

NO PRIOR REQUEST .................................................................................................................. 8

# TABLE OF AUTHORITIES
**CASES**
Int'l Design Concepts, LLC v. Saks Inc.,
    486 F. Supp. 2d 229 (S.D.N.Y. 2007) .................................................................................. 7

Iridium India Telecom Ltd.; v. Motorola, Inc.,
    165 Fed. Appx. 878 (2d Cir. 2005) ....................................................................................... 6

Term Loan Holder Comm. v. Ozer Group L.L.C. (In re Caldor Corp.),
    303 F.3d 161 (2d Cir. 2002) ............................................................................................. 2, 6

**STATUTES**

11 U.S.C. § 1109(b) ................................................................................................................. 5, 6

**RULES**

Fed. R. Bankr. P. 7024 ............................................................................................................. 5, 6

Fed. R. Civ. P. 24(a)(1) ............................................................................................................ 5, 6

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Senior Secured Lenders (the "Ad Hoc Group")[1] hereby submits this motion (the "Motion") for an order, pursuant to section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 24(a)(1) of the Federal Rules of Civil Procedure (the "Civil Rules") made applicable hereto by Rule 7024 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing the Ad Hoc Group to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding").

## PRELIMINARY STATEMENT

1. On July 22, 2009, the Official Committee of Unsecured Creditors (the "Creditors' Committee"), on behalf of the Debtors' estates, filed a twenty-one count complaint (the "Complaint") arising out of the $22 billion merger between Lyondell Chemical Company and Basell AF S.C.A. in December 2007 (the "Merger"). The Complaint seeks, among other things, to avoid the liens and equitably subordinate the claims of lenders who provided

---

[1] The Ad Hoc Group consists of certain lenders, and/or their investment managers, under that certain Credit Agreement, dated as of December 20, 2007, as amended and restated as of April 30, 2008, among Lyondell AF, Lyondell, LyondellBasell Industries Holdings B.V., Basell Finance Company, B.V. and Basell Germany Holdings GmbH, as borrowers, the subsidiary guarantors party thereto, Citibank, N.A., as primary administrative agent and as collateral agent, the other agents and other entities party thereto and the financial institutions and other persons or entities party thereto as lenders (the "Senior Secured Credit Agreement").

The members of the Ad Hoc Group include: (i) ABN AMRO Bank, N.V. ("ABN"), (ii) Ares Management, (iii) Bank of Scotland Plc, (iv) DZ Bank AG, Deutsche Zentral-Genossenschaftsbank, (v) Kohlberg Kravis Roberts & Co. (Fixed Income) LLC and (vi) LeverageSource III S.à.r.l. Because ABN, although a member of the Ad Hoc Group, is an individually-named defendant in the Complaint (as defined below) and is not represented by counsel to the Ad Hoc Group with respect to the Adversary Proceeding but rather is separately represented by counsel in its capacity as an Arranger (as defined below), ABN abstained from the decision of whether the Ad Hoc Group should file this Motion for Intervention.

financing for the Merger, including those lenders who purchased through syndication interests in the Senior Secured Credit Agreement.

2. The Ad Hoc Group consists of members who, in the aggregate, are the beneficial owners of, or holders of investment authority with respect to, more than half[2] of the first lien debt outstanding under the Senior Secured Credit Agreement (exclusive of the portion thereof that was rolled-up in accordance with the Final DIP Order (as defined below)). The Complaint thus challenges billions of dollars of secured claims held by the members of the Ad Hoc Group. Because of its members' interest in the preservation of their claims, the Ad Hoc Group, with the consent of the other parties thereto, participated in the Rule 2004 discovery conducted by the Creditors' Committee, albeit to the limited extent of attending depositions taken by the Creditors' Committee, and without the benefit of the document production made to the Creditors' Committee. The Ad Hoc Group now seeks to intervene in the Adversary Proceeding to ensure a full and adequate defense of the members of the Ad Hoc Group.

3. The Ad Hoc Group is an indisputable "party in interest" in the Adversary Proceeding for purposes of section 1109(b) of the Bankruptcy Code. The Second Circuit has made clear in well-established precedent that parties in interest have the unconditional right to intervene on any issue in a chapter 11 case, whether arising in a contested matter or adversary proceeding. See, e.g., Term Loan Holder Comm. v. Ozer Group L.L.C. (In re Caldor Corp.), 303 F.3d 161, 176 (2d Cir. 2002). Accordingly, the Ad Hoc Group has the right to appear and be heard in the Adversary Proceeding.

4. On July 17, 2009, counsel to the Ad Hoc Group apprised counsel to the following parties of the Ad Hoc Group's intention to intervene in the Adversary Proceeding

---

[2] This includes amounts held by ABN who, as noted in footnote 1, abstained from the decision of whether the Ad Hoc Group should file this Motion for Intervention.

and requested that such parties notify it of any opposition thereto: (i) the Debtors, (ii) the Creditors' Committee, (iii) LeverageSource (as defined below), (iv) Access Industries, Inc., (v) Citibank, N.A. and certain of its affiliates, (vi) UBS Securities LLC and certain of its affiliates, (vii) ABN Amro Bank, N.V., (viii) Goldman Sachs Credit Partners, L.P. and (ix) Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch Capital Corporation. To date, no party has indicated an objection to the Ad Hoc Group's proposed intervention.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

6. On January 6, 2009, April 24, 2009, and May 8, 2009 (the "Petition Dates"), the Debtors commenced in the United States Bankruptcy Court of the Southern District of New York (the "Court") voluntary cases under chapter 11 of the Bankruptcy Code. Since the Petition Dates, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

7. On March 1, 2009, the Court entered its *Final Order (I) Authorizing Debtors (A) To Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e), (B) To Utilize Cash Collateral Pursuant*

*to 11 U.S.C. § 363 And (C) To Purchase Certain Assets Pursuant To 11 U.S.C. § 363 And (II) Granting Adequate Protection To Pre-Petition Secured Parties Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364* (Docket No. 1002; the "Final DIP Order"). The Final DIP Order recognizes the Ad Hoc Group, as well as its counsel Milbank, Tweed, Hadley & M$^c$Cloy LLP and its financial advisor Moelis & Company (Final DIP Order ¶ 17(c).)

8. On April 3, 2009, the Court issued an order (Docket No. 1394) authorizing the Creditors' Committee to undertake discovery pursuant to Bankruptcy Rule 2004 from various parties in connection with the Creditors' Committee's investigation into potential claims of the Debtors' estates against, among others, lenders under the Senior Secured Credit Agreement.

9. On June 15, 2009, the Creditors' Committee filed its *Motion Of The Official Committee Of Unsecured Creditors For An Order (I) Authorizing The Committee To Pursue Lender Claims And Other Claims And Causes Of Action Of The Debtors' Estates And (II) Granting Related Relief* (Docket No. 2018; the "Standing Motion"), to which was attached a proposed complaint.

10. On July 21, 2009, the Court granted the Standing Motion and, on July 22, 2009, the Creditors' Committee filed the Complaint (Adv. No. 09-01375, Docket No. 1), initiating the Adversary Proceeding.

11. The Complaint purports to establish a defendant class of approximately 800 entities that purchased or otherwise obtained portions of the obligations under the Senior Secured Credit Agreement, and who may claim a beneficial interest in the liens granted in favor of Citibank, N.A., as collateral agent (the "Senior Credit Facility Class"). See Complaint ¶¶ 253-262. The Complaint names LeverageSource III S.a.r.l. ("LeverageSource") as

purported defendant class representative.  As previously noted, members of the Ad Hoc Group collectively hold more than half of the first lien debt outstanding under the Senior Secured Credit Agreement (exclusive of the portion thereof that was rolled-up in accordance with the Final DIP Order)—worth billions of dollars—contested through the purported Senior Credit Facility Class.  The significance of the economic interest of the Ad Hoc Group in the Adversary Proceeding is without doubt.  Accordingly, the Ad Hoc Group must be permitted to intervene in the Adversary Proceeding.

## RELIEF REQUESTED

12. By this Motion, the Ad Hoc Group seeks entry of an order, pursuant to section 1109(b) of the Bankruptcy Code and Civil Rule 24(a)(1) made applicable hereto by Bankruptcy Rule 7024, to intervene in the Adversary Proceeding.

## BASIS FOR RELIEF

### I. AD HOC GROUP HAS ABSOLUTE RIGHT TO INTERVENE IN ADVERSARY PROCEEDING

#### A. Section 1109(b) of Bankruptcy Code, Civil Rule 24(a)(1) and Bankruptcy Rule 7024 Grant Ad Hoc Group Absolute Right To Intervene

13. Civil Rule 24(a)(1), made applicable hereto by Bankruptcy Rule 7024, provides, in relevant part, that "on timely motion, the court must permit anyone to intervene who ... is given an unconditional right to intervene by federal statute."  Section 1109(b) of the Bankruptcy Code, which governs the rights of parties in interest to appear and be heard on issues in chapter 11 cases, provides:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity holders' committee, a creditor, an equity
>
> security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b).

14. The Second Circuit has made clear that the unconditional right of a party in interest to intervene under section 1109(b) of the Bankruptcy Code in matters that arise under chapter 11 includes the right to intervene in adversary proceedings. See Term Loan Holder Comm. v. Ozer Group LLC, (In re Caldor Corp.), 303 F. 3d 161,169 (2d Cir. 2002) ("We hold, therefore, that the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding."); Iridium India Telecom Ltd.; v. Motorola, Inc., 165 Fed. Appx. 878, 879 (2d Cir. 2005) (holding that party in interest is granted unconditional right to intervene, upon timely motion, in adversary proceeding under section 1109(b) of Bankruptcy Code). Accordingly, section 1109(b) of the Bankruptcy Code grants the Ad Hoc Group the unconditional right to intervene in this Adversary Proceeding.

15. The Ad Hoc Group's members are, in the aggregate, the beneficial owners of, or the holders of investment authority with respect to billions of dollars of the first lien debt outstanding under the Senior Secured Credit Agreement. These secured claims are challenged by the Complaint. The Ad Hoc Group thus has a direct and very significant stake in the outcome of the Adversary Proceeding. As such, the Ad Hoc Group is clearly a party in interest under section 1109(b) of the Bankruptcy Code.

### B. Motion is Timely

16. Civil Rule 24(a)(1) and Bankruptcy Rule 7024 require that a motion to intervene be timely. Courts in the Second Circuit have identified four criteria to determine timeliness: "(a) the length of time [the applicant] knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from [the applicant's] delay; (c) prejudice to [the applicant] if the motion is denied; and (d) the presence of unusual

circumstances militating for or against a finding of timeliness." Int'l Design Concepts, LLC v. Saks Inc., 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007) (internal quotations omitted).

17. Applying these criteria, the Ad Hoc Group's request to intervene is timely. First, the Ad Hoc Group brings this Motion just 8 days after the Complaint was filed and the Adversary Proceeding commenced. Second, because there has been no delay in bringing this Motion, no prejudice has arisen to existing parties. The Ad Hoc Group has participated in the Debtors' chapter 11 cases – including the Bankruptcy Rule 2004 depositions conducted by the Creditors' Committee – for months with no objection and, as discussed above, numerous parties were provided advanced notice of the Ad Hoc Group's intention to intervene in this Adversary Proceeding and no such party has indicated an objection. Third, given the size of their holdings of Senior Secured Debt and their consequent significant economic interest in the reorganization of the Debtors, the Ad Hoc Group members would suffer prejudice if denied the ability to participate directly in the defense of claims that seek to strip them of that economic interest. Fourth, there are no unusual circumstances militating against a finding of timeliness. Accordingly, the Motion is timely and should be granted.

## NOTICE

18. Notice of this Motion has been given to counsel to the Debtors, counsel to the Creditors' Committee, the U.S. Trustee and each Defendant (or their counsel, to the extent known). In light of the nature of the relief requested herein, the Ad Hoc Group submits that no further notice is required and requests that such notice be deemed adequate and sufficient.

## NO PRIOR REQUEST

19. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Ad Hoc Group respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A, (i) authorizing the Ad Hoc Group to intervene in the Adversary Proceeding and (ii) granting the Ad Hoc Group such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 30, 2009

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

/s/ Matthew S. Barr
Matthew S. Barr
Michael L. Hirschfeld
Samuel A. Khalil
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
mbarr@milbank.com
mhirschfeld@milbank.com
skhalil@milbank.com

*Attorneys for Ad Hoc Group of Senior Secured Lenders*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
LYONDELL CHEMICAL COMPANY, et al.,                  : Case No. 09-10023 (REG)
                                                    :
                                       Debtors.     : Jointly Administered
------------------------------------------------------------------------x
                                                    :
OFFICIAL COMMITTEE OF UNSECURED                     :
CREDITORS, on behalf of The Debtors' Estates,       :
                                                    :
                                                    :
                                     Plaintiffs     :
                                                    :
            v.                                      : Adv. No. 09-01375
                                                    :
CITIBANK, N.A., LONDON BRANCH, et al.,              :
                                                    :
                                    Defendants.     :
------------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 1109(b) AND FED. R. CIV. P. 24(a)
GRANTING AD HOC GROUP OF SENIOR SECURED LENDERS RIGHT
TO INTERVENE IN ADVERSARY PROCEEDING COMMENCED BY
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Upon the motion, dated July 30, 2009 (the "<u>Motion</u>"),[1] of the Ad Hoc Group of Senior Secured Lenders (the "<u>Ad Hoc Group</u>") for entry of an order, pursuant to section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>") and Rule 24(a)(1) of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>") made applicable hereto by Rule 7024 of the Federal Rules of Bankruptcy Procedure (as amended, the "<u>Bankruptcy Rules</u>"), authorizing the Ad Hoc Group to intervene in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

therein in pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation, it is:

>**ORDERED** that the Motion is granted; and it is further

>**ORDERED** that the Ad Hoc Group is authorized to intervene in the Adversary Proceeding; and it is further

>**ORDERED** that all pleadings and other papers required to be served on every party in this Adversary Proceeding pursuant to Civil Rule 5 and Bankruptcy Rule 7005 shall be served on the Ad Hoc Group; and it is further

>**ORDERED** that the Ad Hoc Group is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

>**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: New York, New York
      August __, 2009

                                        _____
                                        THE HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE