SONNENSCHIEN NATH & ROSENTHAL LLP
Peter D. Wolfson
Arthur H. Ruegger
1221 Avenue of Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

PORTER & HEDGES, L.L.P.
John F. Higgins (admitted *pro hac vice*)
David R. Jones (admitted *pro hac vice*)
Eric D. Wade (admitted *pro hac vice*)
Thomas A. Woolley, III (admitted *pro hac vice*)
1000 Main, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248

*Counsel for Carol A. Anderson, Jim Bayer, Kevin R. Cadenhead, Susan Carter, T. Kevin DeNicola, Travis Engen, Rick Fontenot, Kerry A. Galvin, Morris Gelb, Paul S. Halata, Charles L. Hall, John A. Hollinshead, Danny W. Huff, David Lesar, David J.P. Meachin, Daniel J. Murphy, W. Norman Phillips, Jr., Dan F. Smith and William R. Spivey*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------ x | | |
| In re: | : | Chapter 11 |
| | : | |
| LYONDELL CHEMICAL COMPANY, *et al.*, | : | Case No. 09-10023 (REG) |
| | : | |
| Debtors. | : | Jointly Administered |
| ------------------------------------------------------------------ x | | |
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | |
| CREDITORS, on behalf of the Debtors' Estates, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIBANK, N.A., LONDON BRANCH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>**ANSWER**</u>

Carol A. Anderson, Jim Bayer, Kevin R. Cadenhead, Susan Carter, T. Kevin DeNicola, Travis Engen, Rick Fontenot, Kerry A. Galvin, Morris Gelb, Paul S. Halata, Charles L. Hall, John A. Hollinshead, Danny W. Huff, Gary L. Koehler, David Lesar, David J.P. Meachin, Francis P. McGrail, Daniel J. Murphy, W. Norman Phillips, Jr., Dan F. Smith, and William R. Spivey (collectively, the "Defendants") file this Answer to the Complaint filed by the Official Committee of Unsecured Creditors (the "Committee") and respectfully state as follows:

1.      Defendants admit that in 2007 Lyondell, a publicly traded company, was acquired by Basell AF S.C.A., a Luxembourg entity, since renamed LyondellBasell Industries AF S.C.A. and that such acquisition was funded with debt. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 1.

2.      Defendants admit that LyondellBasell Finance Company, Lyondell, and its operating subsidiaries filed for bankruptcy approximately one year following the Merger. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 4.

5.      Defendants admit that the maintenance and operation of the complex major assets including petroleum refineries and "crackers" carry with them fixed costs and deny the remaining allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.     Defendants admit the allegations in fourth sentence of Paragraph 7.  Defendants lack personal knowledge or information to form a belief about the allegations in the fifth sentence of Paragraph 7.  Defendants deny the remaining allegations in Paragraph 7.

8.     Defendants deny the allegations in Paragraph 8.

9.     Defendants deny the allegations in the first sentence of Paragraph 9.  Defendants Gelb and Phillips additionally deny the allegations in the second, third, fourth, fifth and sixth sentences of Paragraph 9 and lack personal knowledge or information to form a belief about the remaining allegations of Paragraph 9.  Defendants Anderson, Bayer, Cadenhead, Carter, DeNicola, Engen, Fontenot, Galvin, Halata, Hall, Hollinshead, Huff, Koehler, Lesar, McGrail, Meachin, Murphy, Smith and Spivey lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 9.

10.     Defendants admit that the investment banks committed to provide approximately $22 billion to fund the acquisition and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 10

11.     Defendants Bayer, Cadenhead, DeNicola, Galvin, Gelb, Hall, Hollinshead, McGrail, Phillips and Smith deny the allegations in the third and fourth sentences of Paragraph 11 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 11.  Defendants Anderson, Carter, Engen, Fontenot, Halata, Huff, Koehler, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 11.

12.     Paragraph 12 is a statement of what the Plaintiff seeks to recover in this case and, as such, does not require a response.  To the extent that a response is required, Defendants deny the allegations in Paragraph 12.

13.     Paragraph 13 is a recitation of relief sought by Plaintiff and, as such, does not require a response.  To the extent that a response is required, Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 is a recitation of relief sought by Plaintiff and, as such, does not require a response.  To the extent that a response is required, Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 does not require a response from Defendants.  To the extent that a response is required, Defendants deny the allegations in Paragraph 15.

16.     Paragraph 16 is a recitation of the grounds for relief sought by Plaintiff and, as such, does not require a response.  To the extent that a response is required, Defendants deny the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 18.

19.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 19.

20.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 20.

21.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 21.

22.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 22.

23.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 23.

24.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 24.

25.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 25.

26.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 26.

27.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 27.

28.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 28.

29.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 29.

30.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 30.

31.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 31.

32.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 32.

33.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 33.

34.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants admit the allegations in Paragraph 38.

39.     Defendants admit the allegations in Paragraph 39.

40.     Defendants admit the allegations in Paragraph 40.

41.     Defendants admit the allegations in Paragraph 41.

42.     Defendants admit the allegations in Paragraph 42.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants admit the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit the allegations in Paragraph 48.

49.     Defendants admit the allegations in Paragraph 49.

50.     Defendants admit the allegations in Paragraph 50.

51.     Defendants admit the allegations in Paragraph 51.

52.     Defendants admit the allegations in Paragraph 52.

53.     Defendants admit the allegations in Paragraph 53.

54.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Hollinshead, Koehler, McGrail, Phillips and Smith admit the allegations in Paragraph 54.

Anderson, Carter, Engen, Halata, Huff, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 54.

55.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 55.

56.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 56.

57.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 57.

58.     Defendants Gelb and Phillips admit the allegations in Paragraph 58.  All other Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 58.

59.     Defendants Gelb and Phillips admit the allegations in Paragraph 59.  All other Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 59.

60.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 60.

61.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 61.

62.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 62.

63.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 63.

64.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Koehler, McGrail, Phillips and Smith admit the allegations in Paragraph 64. Anderson, Carter, Engen, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 64.

65.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Koehler, McGrail, Phillips and Smith admit the allegations in Paragraph 65. Anderson, Carter, Engen, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 65.

66.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Koehler, McGrail, Phillips and Smith admit the allegations in Paragraph 66. Anderson, Carter, Engen, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 66.

67.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Koehler, McGrail, Phillips and Smith admit the allegations in Paragraph 67. Anderson, Carter, Engen, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 67.

68.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 68.

69.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 69.

70.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 70.

71.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Koehler, McGrail, Phillips and Smith admit the allegations in Paragraph 71. Anderson, Carter, Engen, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 71.

72.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 72.

73.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 73.

74.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 74.

75.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 75.

76.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 76.

77.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 77.

78.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 78.

79.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 79.

80.     Defendants admit that Basell is an international chemical company and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 80.

81.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 81.

82.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants deny allegations in the first and second sentences of Paragraph 84. Defendants admit the allegations in the third sentence of Paragraph 84. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 84.

85.    Defendants deny the allegations in the first sentence of Paragraph 85 and admit the remaining allegations in Paragraph 85.

86.    Defendants deny the allegations in the first, second and third sentences of Paragraph 86 and admit the remaining allegations in Paragraph 86.

87.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 87.

88.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 88.

89.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 89.

90.    Defendants admit that Lyondell was a public company on the New York Stock Exchange. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 90.

91.    Defendants admit that Lyondell incorporated in 1985 as a subsidiary of the Atlantic Richfield Company ("ARCO"), that it was an aggregation of assets from ARCO, that

Lyondell made acquisitions of petrochemical companies, Lyondell went public in 1989 and that revenues grew to $22.2 billion and that in 2006 Lyondell was the third largest independent chemical company in the United States. Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants admit that Lyondell's stock was offered to the public at $30 per share in 1989, sold at $36 per share in 1998 and declined in price in the years following. Defendants admit that Lyondell repaid approximately $2.5 billion in debt from September 2004 to December 2006. Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Lyondell's publicly stated financial goal for 2007 was "to enhance its financial flexibility by improving its balance sheet through debt reduction and by maintaining a strong liquidity position, with an ultimate goal of achieving an investment-grade credit rating." Defendants deny the allegations in the second and fourth sentences of Paragraph 94. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 94.

95.     Defendants admit that Lyondell's management did not achieve "an investment grade credit rating" and deny the remaining allegations in the first sentence of Paragraph 95. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 95.

96.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 96.

97.     Defendants Anderson, Carter, DeNicola, Engen, Galvin, Gelb, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey admit the allegations in

Paragraph 97.    Defendants Bayer, Cadenhead, Fontenot, Hall, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 97.

98.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 98.

99.    Defendants Anderson, Carter, DeNicola, Engen, Galvin, Gelb, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey admit the allegations in Paragraph 99.    Defendants Bayer, Cadenhead, Fontenot, Hall, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 99.

100.    Defendants Anderson, Carter, DeNicola, Engen, Gelb, Galvin, Halata, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey deny the allegations in the first sentence of Paragraph 100 and admit the remaining allegations in Paragraph 100. Defendants Bayer, Cadenhead, Fontenot, Hall, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 100.

101.    Defendants Anderson, Bayer, DeNicola, Engen, Gelb, Galvin, Halata, Hall, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey deny the allegations in the first and second sentences in Paragraph 101 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 101.    Defendants Cadenhead, Carter, Fontenot, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 101.

102.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 102.

103.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 103.

104.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 104.

105.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 105.

106.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 106.

107.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 107.

108.    Defendants admit that on August 10, 2006, Access made its first formal bid to purchase Lyondell, proposing in a written offer to acquire all of the outstanding shares of Lyondell for a cash price of $26.50 to $28.50 per share.  Defendants lack personal knowledge or information to form a belief about Benet's alleged reservations as asserted in the first sentence of Paragraph 108.  Defendants admit the remaining allegations in Paragraph 108.

109.    Defendants admit the allegations in Paragraph 109.

110.    Defendants admit the allegations in the first and third sentences of Paragraph 110. Defendants deny the allegations in the second sentence of Paragraph 110.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 110.

111.    Defendants admit that Lyondell's share price exceeded $30 per share in February 2007.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 111.

112.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 112.

113.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 113.

114.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 114.

115.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 115.

116.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 116.

117.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 117.

118.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 118.

119.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 119.

120.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 120.

121.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 121.

122.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 122.

123.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 123.

124.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 124.

125.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 125.

126.     Defendants admit the allegations in the second and third sentences of Paragraph 126.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 126.

127.     Defendants admit the allegations in Paragraph 127.

128.     Defendants DeNicola, Galvin, Hollinshead and Smith admit the allegations in Paragraph 128.  Defendants Anderson, Bayer, Cadenhead, Carter, Engen, Fontenot, Gelb, Halata, Hall, Huff, Koehler, Lesar, Meachin, McGrail, Murphy, Phillips and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 128.

129.     Defendants admit that Smith had a meeting with Trautz in London on or about June 7, 2007.  Defendants deny that Smith suggested a price of $48 per share for Lyondell.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 129.

130.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 130.

131.     Defendants lack personal knowledge or information to form a belief about when Access learned it was out-bid on the Huntsman deal by Apollo.  Defendants deny the allegations in the fifth sentence of Paragraph 131.  Defendants admit the remaining allegations in Paragraph 131.

132.    Defendants admit the allegations in the first, second and third sentences of Paragraph 132.  Defendants deny the remaining allegations in Paragraph 132.

133.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 133.

134.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 134.

135.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 135.

136.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 136.

137.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 137.

138.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 138.

139.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 139.

140.    Defendants admit that the Lyondell Board had a special meeting on July 11, 2007 and that Smith was authorized to continue discussions with Access.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 140.

141.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 141.

142.    Defendants admit the allegations in the first and second sentences of Paragraph 142.  Defendants Bayer, Cadenhead, DeNicola, Galvin, Gelb, Hall, Hollinshead, McGrail,

Phillips and Smith admit that a due diligence meeting between Lyondell's management and the banks occurred at the offices of Skadden Arps in New York on Saturday, July 14, 2007, but deny that is was the "sole" due diligence meeting as suggested in the third sentence of Paragraph 142. Defendants Bayer, Cadenhead, DeNicola, Galvin, Gelb, Hall, Hollinshead, McGrail, Phillips and Smith admit in the allegations in the fourth sentence of Paragraph 142 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 142. Defendants Anderson, Carter, Engen, Fontenot, Halata, Huff, Koehler, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the remaining allegations Paragraph 142.

143.     Defendants, except Carter, admit that Smith exercised stock options and sold some of his Lyondell stock in 2006, that he stood to receive funds through change of control provisions and other incentive plans if the Merger was consummated, and otherwise lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 143.   Defendant Carter lacks personal knowledge or information to form a belief about the allegations in Paragraph 143.

144.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 144.

145.     Defendants admit the allegations in Paragraph 145.

146.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 146.

147.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 147.

148.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 148.

149.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 149.

150.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 150.

151.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 151.

152.     Defendants admit the allegations in Paragraph 152.

153.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 153.

154.     Defendants admit the allegations in the first and second sentences of Paragraph 154.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 154.

155.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 155.

156.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 156.

157.     Defendants admit the allegations in Paragraph 157.

158.     Defendants admit the allegations in Paragraph 158.

159.     Defendants admit that on August 21, 2007, AI Chemical and Blavatnik filed an amendment to their Schedule 13D reporting that they had acquired beneficial ownership of

3,971,400 additional shares of Lyondell common stock. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 159.

160.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 160.

161.     Defendants admit that Lyondell's Quarterly Report on Form 10-Q for the quarter ended June 30, 2007, contained the referenced statement. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 161.

162.     Defendants admit the allegations in Paragraph 162.

163.     Defendants admit the allegations in Paragraph 163.

164.     Defendants deny the allegations in the first sentence of Paragraph 164 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 164.

165.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 165.

166.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 166.

167.     Defendants Bayer, DeNicola, Galvin, Gelb, Hall, Hollinshead, Phillips, and Smith deny the allegations in the first and second sentences of Paragraph 167 with the exception of the statement "The reaction of Access was alarm" to which none of the Defendants have personal knowledge or information to form a belief about or the remaining allegations in Paragraph 167. Defendants Anderson, Cadenhead, Carter, Engen, Fontenot, Halata, Huff, Koehler, Lesar, McGrail, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 167.

168.     Defendants Anderson, Bayer, DeNicola, Engen, Galvin, Gelb, Halata, Hall, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey deny the allegations in the fourth sentence of Paragraph 168 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 168.    Defendants Cadenhead, Carter, Fontenot, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 168.

169.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 169.

170.     Defendants Anderson, Bayer, Carter, DeNicola, Engen, Galvin, Gelb, Halata, Hall, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey deny the allegations the first and third sentences in Paragraph 170 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 170.    Defendants Cadenhead, Fontenot, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 170.

171.     Defendants Anderson, Bayer, DeNicola, Engen, Galvin, Gelb, Halata, Hall, Hollinshead, Huff, Lesar, Meachin, Murphy, Phillips, Smith and Spivey deny the allegations in Paragraph 171. Defendants Cadenhead, Carter, Fontenot, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 171.

172.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 172.

173.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 173.

174.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 174.

175.     Defendants deny the third sentence in Paragraph 175.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 175.

176.     Defendants Bayer, DeNicola, Galvin, Gelb, Hall, Hollinshead, Phillips and Smith deny the allegations in Paragraph 176.  Defendants Anderson, Cadenhead, Carter, Engen, Fontenot, Halata, Huff, Koehler, Lesar, McGrail, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 176.

177.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 177.

178.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 178.

179.     Defendants Bayer, Cadenhead, DeNicola, Fontenot, Galvin, Gelb, Hall, Hollinshead, Koehler, McGrail, Phillips and Smith deny the allegations attributed to Lyondell in the first and second sentences in Paragraph 179 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 179.  Defendants Anderson, Carter, Engen, Halata, Huff, Lesar, Meachin, Murphy and Spivey deny the allegations attributed to Lyondell in the first sentence in Paragraph 179 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 179.

180.     Defendants deny the allegations in the first sentence in Paragraph 180. Defendants admit that Lyondell's Form 8-K dated October 25, 2007 reported EBITDA of $684 million on Table 6.  Defendants admit that Lyondell's third quarter earnings press release

included the referenced statement from Defendant Smith. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 180.

181. Defendants deny the allegations in the first sentence of Paragraph 181. Defendants admit that Lyondell's Form 8-K dated October 25, 2007 included the quote referenced in Paragraph 181. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 181.

182. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 182.

183. Defendants deny the allegations in the third, fourth and fifth sentences of Paragraph 183. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 183.

184. Defendants deny the allegations attributed to Lyondell in the first and last sentences of Paragraph 184 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 184.

185. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 185.

186. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 186.

187. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 187.

188. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 188.

189.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 189.

190.     Defendants deny the allegations in Paragraph 190.

191.     Defendants deny the allegations in Paragraph 191.

192.     Defendants deny the allegations in the second and third sentences of Paragraph 192. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 192.

193.     Defendants admit the allegations in Paragraph 193.

194.     Defendants admit that the Merger was financed with debt financing and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 194.

195.     Defendants DeNicola, Galvin, Gelb, McGrail, Phillips and Smith admit the allegations in Paragraph 195(a) and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 195. Defendants Anderson, Bayer, Cadenhead, Carter, Engen, Fontenot, Halata, Hall, Hollinshead, Huff, Koehler, Lesar, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 195.

196.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 196.

197.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 197.

198.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 198.

199.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 199.

200.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 200.

201.     Defendants named in Paragraph 201 deny that their alleged individual change of control payment is correct and all Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 201.

202.     Defendants admit the allegations in part (v) of Paragraph 202.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 202.

203.     Defendants Cadenhead, Fontenot, Koehler and McGrail lack personal knowledge or information to form a belief about the allegations in Paragraph 203.  All other Defendants deny the allegations in Paragraph 203.

204.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 204.

205.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 205.

206.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 206.

207.     Defendants Bayer, Cadenhead, DeNicola, Galvin, Gelb, Hall, Hollinshead, McGrail, Phillips and Smith lack personal knowledge or information to form a belief about the allegations in the second sentence of Paragraph 207 and admit the remaining allegations in Paragraph 207.  Defendants Anderson, Carter, Engen, Fontenot, Halata, Huff, Koehler, Lesar,

Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in Paragraph 207.

208.     Defendants deny the allegations in Paragraph 208.

209.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 209.

210.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 210.

211.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 211.

212.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 212

213.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 213.

214.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 214.

215.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 215.

216.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 216.

217.     Defendants deny the allegations in the first sentence of Paragraph 217 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 217.

218.    Defendants admit the allegations in the first sentence of Paragraph 218 with the exception of "Even in the midst of the buy-out mania" to which Defendants lack personal knowledge or information to form a belief.  Defendants deny the allegations in the second and third sentences of Paragraph 218.  Defendants Bayer, DeNicola, Galvin, Gelb, Hall, Hollinshead, Phillips and Smith admit the allegations in the fourth and fifth sentences of Paragraph 218. Defendants Anderson, Cadenhead, Carter, Engen, Fontenot, Halata, Huff, Koehler, Lesar, McGrail, Meachin, Murphy and Spivey lack personal knowledge or information to form a belief about the allegations in the fourth and fifth sentences of Paragraph 218.  Defendants deny the remaining allegations in Paragraph 218.

219.    Defendants admit that the first sentence of Paragraph 219 is a quote from Defendant Smith.  Defendants deny the allegations in the second and third sentences in Paragraph 219.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 219.

220.    Defendants Bayer, Gelb and Phillips deny the allegations in the first, second, third and fourth sentences of Paragraph 220 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 220.  All other Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 220.

221.    Defendants Bayer, Fontenot, Gelb and Phillips deny the allegations in the first sentence of Paragraph 221 and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 221.  Defendants Anderson, Cadenhead, Carter, DeNicola, Engen, Galvin, Halata, Hall, Hollinshead, Huff, Koehler, Lesar, McGrail, Meachin, Murphy, Smith and Spivey deny that LBI was in an ongoing liquidity crisis as of the date of the Merger

and lack personal knowledge or information to form a belief about the allegations in Paragraph 221.

222.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 222.

223.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 223.

224.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 224.

225.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 225.

226.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 226.

227.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 227.

228.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 228.

229.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 229.

230.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 230.

231.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 231.

232.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 232.

233.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 233.

234.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 234.

235.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 235.

236.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 236.

237.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 237.

238.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 238.

239.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 239.

240.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 240.

241.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 241.

242.    Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 242.

243. Defendants deny the allegations in the first and second sentences of Paragraph 243. Defendant Smith admits his characterization of the oil and gas commodities market as "crazy". Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 243.

244. Defendants deny the allegations in Paragraph 244.

245. Defendants deny the allegations in the fourth and fifth sentences of Paragraph 245 through the date of the Merger. Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 245.

246. Defendants deny that the LBI Group was insolvent as of the date of the Merger and lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 246.

247. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 247.

248. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 248.

249. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 249.

250. Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 250.

251. Defendants deny that as financed pursuant to the Merger, LBI was left with insufficient funds and Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 251.

252.     Defendants deny that the allegations in Paragraph 252 were "foreseeable." Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 252.

253.     Defendants deny the allegations in Paragraph 253.

254.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 254.

255.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 255.

256.     Defendants admit the allegations in the first sentence of Paragraph 256 except the allegation regarding Barclays Global Investors, N.A. to which Defendants lack personal knowledge or information to form a belief.  Defendants lack personal knowledge or information to form a belief about the remaining allegations in Paragraph 256.

257.     Paragraph 257 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 257.

258.     Paragraph 258 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 258.

259.     Paragraph 259 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 259.

260.     Paragraph 260 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 260.

261.     Paragraph 261 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 261.

262.     Paragraph 262 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 262.

263.     Paragraph 263 does not require a response from Defendants.  If a response is required, Defendants deny the allegations in Paragraph 263.

**Count I**

264.     Defendants are not potentially liable under Count I (Paragraphs 264-72) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 264-72.

**Count II**

265.     Defendants are not potentially liable under Count II (Paragraphs 273-80) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 273-80.

**Count III**

266.     Defendants are not potentially liable under Count III (Paragraphs 281-87) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 281-87.

**Count IV**

267.     Defendants are not potentially liable under Count IV (Paragraphs 288-93) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 288-93.

**Count V**

268.     Paragraph 294 does not require a response.  If a response is required, Defendants deny the allegations in Paragraph 294.

269.     Defendants lack personal knowledge or information to form a belief about the allegations in Paragraph 295.

270.     Defendants admit the allegations in Paragraph 296.

271.     Defendants deny the allegations in Paragraph 297.

272.     Defendants deny the allegations in Paragraph 298.

273.     Defendants deny the allegations in Paragraph 299.

274.     Defendants deny the allegations in Paragraph 300.

**Count VI**

275.     Defendants are not potentially liable under Count VI (Paragraphs 301-307) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 301-307.

**Count VII**

276.     Defendants are not potentially liable under Count VII (Paragraphs 308-314) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 308-314.

**Count VIII**

277.     Defendants are not required to answer Count VIII (Paragraphs 315-318) at this time pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 315-318.

**Count IX**

278.     Defendants are not potentially liable under Count IX (Paragraphs 319-329) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 319-329.

**Count X**

279.     Defendants are not potentially liable under Count X (Paragraphs 330-334) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 330-334.

**Count XI**

280.     Defendants are not potentially liable under Count XI (Paragraphs 335-339) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 335-339.

**Count XII**

281.     Defendants are not potentially liable under Count XII (Paragraphs 340-345) and are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 340-345.

**Count XIII**

282.     Defendants are not required to answer Count XIII (Paragraphs 346-350) at this time pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 346-350.

**Count XIV**

283.     Defendants are not potentially liable under Count XIV (Paragraphs 351-360) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 351-360.

**Count XV**

284.    Defendants are not potentially liable under Count XV (Paragraphs 361-367) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 361-367.

**Count XVI**

285.    Defendants are not potentially liable under Count XVI (Paragraphs 368-373) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 368-373.

**Count XVII**

286.    Defendants are not potentially liable under Count XV (Paragraphs 374-377) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 374-377.

**Count XVIII**

287.    Defendants are not potentially liable under Count XVIII (Paragraphs 378-385) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 378-385.

**Count XIX**

288.    Defendants are not potentially liable under Count XIX (Paragraphs 386-391) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 386-391.

**Count XX**

289.    Defendants are not potentially liable under Count XX (Paragraphs 392-399) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 392-399.

**Count XXI**

290.    Defendants are not potentially liable under Count XXI (Paragraphs 400-407) are not required to respond to the allegations pursuant to the Case Management Order.  If a response is required, Defendants deny the allegations in Paragraphs 400-407.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

The Complaint fails to state a claim on which relief can be granted.

Second Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Debtors received reasonably equivalent value in exchange for some or all of the Change of Control Payments.

Third Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Debtors were not insolvent, nor did the Debtors become insolvent as a result of the Change of Control Payments.

## Fourth Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Debtors were not engaged in business or a transaction for which the Debtors had unreasonably small capital.

## Fifth Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Debtors did not intend to incur debts that would be beyond the Debtors' ability to pay as such debts matured.

## Sixth Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Debtors made the payments under employment contracts, in the ordinary course of business, and may not have been made to insiders.

## Seventh Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Change of Control Payments fall within the "safe harbor provisions" of the Bankruptcy Code, including but not limited to 11 U.S.C. § 546(e).

## Eighth Affirmative Defense

The Defendants are entitled to indemnification from the Debtors for the damages sought in the Complaint and are entitled to setoff such claims and any other claims held against the Debtors pursuant to 11 U.S.C. § 553.

## Ninth Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Defendants took the Change of Control Payments for value and in good faith. Accordingly, the Defendants have a lien on or retain an interest in the Change of Control Payments pursuant to 11 U.S.C. § 548(c) and applicable state law.

## Tenth Affirmative Defense

Defendants assert that the Change of Control Payments are not avoidable, in whole or in part, because the Defendants are immediate or mediate transferees and the Defendants took the Change of Control Payments for value, in good faith, and without knowledge of the voidability of the transfer pursuant to 11 U.S.C. § 550(b).

## Eleventh Affirmative Defense

The Plaintiff's claims are barred by applicable law and the relevant Certificate(s) of Incorporation and by-laws, which provide exculpation provisions for the Defendants who acted in good faith, did not engage in any intentional misconduct, and did not commit any knowing violation of law.

## Twelfth Affirmative Defense

The Plaintiff's claims against the Defendants are barred by the doctrines of *res judicata* and/or collateral estoppel.

## Thirteenth Affirmative Defense

Plaintiff cannot recover because Defendants acted in good faith with respect to all conduct challenged in their Complaint.

Fourteenth Affirmative Defense

Plaintiff cannot recover any equitable relief in view of the doctrine of unclean hands.

Fifteenth Affirmative Defense

The Defendants reserve the right to assert and join any additional defense pled by any co-defendant relevant to the claims against the Director and Officer Defendants.

Sixteenth Affirmative Defense

The Defendants reserve their right to amend and/or supplement their Answer and plead additional affirmative defenses, the existence of which may become known to it through further investigation and/or discovery in connection with this action. In particular, the Plaintiff has asserted state law fraudulent transfer claims for the Change of Control Payments, but the Plaintiff has failed to identify the particular state law that it intends to apply.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request that the Court enter a judgment

a.      dismissing the Complaint and all claims against the Defendants with prejudice;

b.      awarding the Defendants their costs of defense relating to this action, including attorneys' fees; and

c.      awarding such other and further relief as the Court may deem just and proper.

Dated:  August 24, 2009
      New York, New York

Respectfully Submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By:     */s/ John F. Higgins*
      Peter D. Wolfson (PDW 5956)
      1221 Avenue of the Americas
      New York, New York 10020
      Telephone: (212) 768-6700
      Facsimile:  (212) 768-6800

        - and -

      John F. Higgins (admitted *pro hac vice*)
      David R. Jones (admitted *pro hac vice)*
      Eric D. Wade (admitted *pro hac vice*)
      Thomas A. Woolley, III (admitted *pro hac vice*)
      PORTER & HEDGES, L.L.P.
      1000 Main, 36th Floor
      Houston, Texas 77002
      Telephone: (713) 226-6000
      Facsimile:  (713) 226-6248

*Attorneys for Carol A. Anderson, Jim Bayer, Kevin R. Cadenhead, Susan Carter, T. Kevin DeNicola, Travis Engen, Rick Fontenot, Kerry A. Galvin, Morris Gelb, Paul S. Halata, Charles L. Hall, John A. Hollinshead, Danny W. Huff, David Lesar, David J.P. Meachin, Daniel J. Murphy, W. Norman Phillips, Jr., Dan F. Smith and William R. Spivey*