Jeffrey T. Golenbock
Jonathan L. Flaxer
Douglas L. Furth
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, NY 10022
Telephone (212) 907-7300
Fax (212) 754-0330

*Counsel for Law Debenture Trust Company
of New York, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LYONDELL CHEMICAL COMPANY, et al., | Case No. 09-10023 (REG) |
| Debtors. | Jointly Administered |

---------------------------------------------------------------x

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of The Debtors' Estates, | |
| Plaintiffs, | |
| v. | Adv. No. 09-01375 |
| CITIBANK, N.A., LONDON BRANCH, et al., | |
| Defendants. | |

---------------------------------------------------------------x

**MOTION OF THE LAW DEBENTURE TRUST COMPANY OF
NEW YORK, AS INDENTURE TRUSTEE, FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. § 1109(b) AND FED. R. CIV. P. 24(a)
GRANTING RIGHT TO INTERVENE IN ADVERSARY PROCEEDING
COMMENCED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| JURISDICTION AND VENUE | | 3 |
| BACKGROUND | | 3 |
| RELIEF REQUESTED | | 5 |
| I. | LAW DEBENTURE TRUST HAS AN ABSOLUTE RIGHT TO INTERVENE IN THE ADVERSARY PROCEEDING | 5 |
|  | A. Section 1109(b) of Bankruptcy Code, Civil Rule 24(a)(1) and Bankruptcy Rule 7024 Grant Ad Hoc Group Absolute Right To Intervene | 5 |
|  | B. The Motion is Timely | 6 |
| NOTICE | | 7 |
| NO PRIOR REQUEST | | 7 |

# TABLE OF AUTHORITIES

*Int'l Design Concepts, LLC v. Saks Inc.*, 486 F. Supp. 2d 229 (S.D.N.Y. 2007) ............................ 6

*Iridium India Telecom Ltd.; v. Motorola, Inc.*, 165 Fed. Appx. 878, 879 (2d Cir. 2005) ............... 6

*Term Loan Holder Comm. v. Ozer Group LLC, (In re Caldor Corp.)*,
    303 F.3d 161 (2d Cir. 2002) ........................................................................................... 2, 4, 5

## RULES

Fed. R. Civ. P. 24(a)(1) ........................................................................................................ 1, 5, 6

Fed. R. Bankr. P. 7024 ......................................................................................................... 1, 5, 6

## STATUTES

11 U.S.C. § 1109(b) ........................................................................................................ 1, 2, 5, 6

28 U.S.C. § 1334 ......................................................................................................................... 3

28 U.S.C. §§ 1408 ....................................................................................................................... 3

28 U.S.C. §§ 1409 ....................................................................................................................... 3

28 U.S.C. § 157(b)(2) ................................................................................................................. 3

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Law Debenture Trust Company of New York ("Law Debenture Trust"), solely in its capacity as Indenture Trustee for those certain 7.625% Senior Unsecured Notes due 2026 issued by Millennium America, Inc. ("Millennium America"), one of the captioned Debtors, hereby submits this motion (the "Motion") for an order, pursuant to section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 24(a)(1) of the Federal Rules of Civil Procedure (the "Civil Rules") made applicable hereto by Rule 7024 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing Law Debenture Trust to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding").

## PRELIMINARY STATEMENT

1.  On July 22, 2009, the Official Committee of Unsecured Creditors (the "Creditors' Committee"), on behalf of the Debtors' estates, filed a twenty-one count complaint (the "Complaint") arising out of the $22 billion merger between Lyondell Chemical Company and Basell AF S.C.A. in December 2007 (the "Merger"). The Complaint seeks, among other things, to avoid as fraudulent transfers obligations owing from the Debtors to lenders who provided financing for the Merger.

2.  Law Debenture Trust is successor trustee to holders (the "Millennium Noteholders") of over $241 million of Millennium Notes. These noteholders, in the aggregate, constitute the second largest unsecured claim against the Debtors on a consolidated basis. See First Day Affidavit of Alan S. Bigman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, Schedule 1 [Dkt. No. 11]. As a result of the merger and pre-petition financing, the Millennium Debtors, subsidiaries to Lyondell, incurred significant

*471695.2*

additional obligations without any concurrent benefit. The Complaint, among other things, seeks to avoid the obligations of the Millennium Debtors under the merger and pre-petition financing. See Complaint, Counts XX and XXI. While Law Debenture has full faith in the Committee's prosecution of the Complaint, it is clear from the complexity and speed of this litigation that the rights of the Millennium Noteholders will have to be separately protected. As subsidiaries with little pre-merger debt, the Millennium Debtors were among those with the most to lose from the merger and pre-petition financing. Further, given that the Millennium Debtors had no debt that was senior to the Millennium Notes, the Millennium Noteholders are among the most to gain from the Complaint. Given the vast and varied interests that the Committee now seeks to represent through the Complaint, it is inevitable that differences may arise between the creditor constituencies that may necessitate Law Debenture's participation on behalf of the Millennium Noteholders.

3. As trustee of the Millennium Noteholders, with claims in excess of $241 million, Law Debenture Trust is indisputably a "party in interest" in the Adversary Proceeding for purposes of section 1109(b) of the Bankruptcy Code. The Second Circuit has made clear in well-established precedent that parties in interest have the unconditional right to intervene on any issue in a chapter 11 case, whether arising in a contested matter or adversary proceeding. *See, e.g., Term Loan Holder Comm. v. Ozer Group L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 176 (2d Cir. 2002). Accordingly, Law Debenture Trust has the right to appear and be heard in the Adversary Proceeding.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

5.      On January 6, 2009, April 24, 2009, and May 8, 2009 (the "Petition Dates"), the Debtors commenced in the United States Bankruptcy Court of the Southern District of New York (the "Court") voluntary cases under chapter 11 of the Bankruptcy Code. Since the Petition Dates, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On April 3, 2009, the Court issued an order (Docket No. 1394) authorizing the Creditors' Committee to undertake discovery pursuant to Bankruptcy Rule 2004 from various parties in connection with the Creditors' Committee's investigation into potential claims of the Debtors' estates against, among others, lenders under the Senior Secured Credit Agreement.

7.      On June 15, 2009, the Creditors' Committee filed its Motion Of The Official Committee Of Unsecured Creditors For An Order (I) Authorizing The Committee To Pursue Lender Claims And Other Claims And Causes Of Action Of The Debtors' Estates And (II)

Granting Related Relief (Docket No. 2018; the "<u>Standing Motion</u>"), to which was attached a proposed complaint.

8. On July 21, 2009, the Court granted the Standing Motion and, on July 22, 2009, the Creditors' Committee filed the Complaint (Adv. No. 09-01375, Docket No. 1), initiating the Adversary Proceeding.

9. The Millennium Noteholders are among many parties that will benefit from the Adversary Proceeding. The Millennium Noteholders constitute the second largest unsecured claim against the Debtors on a consolidated basis. See First Day Affidavit of Alan S. Bigman Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, Schedule 1 [DKT. No. 11]. The Committee represents unsecured creditors of all the Debtors and seeks to recover on behalf of all the Debtors' estates. Nonetheless, the damages suffered by creditors of different Debtors will differ depending upon, among other things, the assets and liabilities of the particular Debtor at relevant times. As subsidiary debtors, Millennium America and Millennium Chemicals received little substantive benefit from the addition of substantial secured debt that occurred in connection with the LBO. The damages or other remedies to which the Millennium Noteholders are entitled will depend on facts relating specifically to Millennium America and Millennium Chemicals (collectively, the "Millennium Debtors") in particular, including the value of the assets and liabilities of those entities at relevant times. Such damages will differ from the damages sustained by creditors of other Debtors. Accordingly, Law Debenture Trust as Indenture Trustee is seeking to intervene in the prosecution of the Complaint in order to protect the specific interests of the Millennium Noteholders. *See Term Loan Holder Comm. v. Ozer Group, L.L.C.* (In re Caldor Corp.), 303 F.3d 161, 169-70 (2d Cir. 2002)

471695.2

4

(Bankruptcy Code § 1109(b) grants parties in interest an unconditional right to intervene and be heard on any issue in a bankruptcy case, including in an adversary proceeding.)

## RELIEF REQUESTED

10. By this Motion, Law Debenture Trust seeks entry of an order, pursuant to section 1109(b) of the Bankruptcy Code and Civil Rule 24(a)(1) made applicable hereto by Bankruptcy Rule 7024, to intervene in the Adversary Proceeding.

### I. LAW DEBENTURE TRUST HAS AN ABSOLUTE RIGHT TO INTERVENE IN ADVERSARY PROCEEDING

#### A. Section 1109(b) of Bankruptcy Code, Civil Rule 24(a)(1) and Bankruptcy Rule 7024 Grant Ad Hoc Group Absolute Right To Intervene

11. Federal Rule of Civil Procedure 24(a)(1), made applicable hereto by Bankruptcy Rule 7024, provides, in relevant part, that "on timely motion, the court must permit anyone to intervene who ... is given an unconditional right to intervene by federal statute." Section 1109(b) of the Bankruptcy Code, which governs the rights of parties in interest to appear and be heard on issues in chapter 11 cases, provides:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b).

12. The Second Circuit has made clear that the unconditional right of a party in interest to intervene under section 1109(b) of the Bankruptcy Code in matters that arise under chapter 11 includes the right to intervene in adversary proceedings. *See Term Loan Holder Comm. v. Ozer Group LLC, (In re Caldor Corp.)*, 303 F. 3d 161,169 (2d Cir. 2002) ("We hold, therefore, that the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding.");

*Iridium India Telecom Ltd.; v. Motorola, Inc.*, 165 Fed. Appx. 878, 879 (2d Cir. 2005) (holding that party in interest is granted unconditional right to intervene, upon timely motion, in adversary proceeding under section 1109(b) of Bankruptcy Code). Accordingly, section 1109(b) of the Bankruptcy Code grants Law Debenture Trust the unconditional right to intervene in this Adversary Proceeding.

13. Law Debenture Trust is the successor Indenture Trustee for Notes in the principal amount of $241,000,000 issued by the Millennium America. Law Debenture Trust thus has a direct and very significant stake in the outcome of the Adversary Proceeding. As such, Law Debenture Trust is clearly a party in interest under section 1109(b) of the Bankruptcy Code.

### B. The Motion is Timely

14. Federal Rule of Civil Procedure 24(a)(1) and Bankruptcy Rule 7024 require that a motion to intervene be timely. Courts in the Second Circuit have identified four criteria to determine timeliness: "(a) the length of time [the applicant] knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from [the applicant's] delay; (c) prejudice to [the applicant] if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Int'l Design Concepts, LLC v. Saks Inc.*, 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007) (internal quotations omitted).

15. Applying these criteria, Law Debenture Trust's request to intervene is timely. This adversary proceeding was commenced on July 22, 2009. Law Debenture Trust is aware of this Court's final Case Management Order dated September 29, 2009. Law Debenture Trust will not seek to delay or otherwise impede the prosecution of this Adversary Proceeding and will coordinate with the Committee in the prosecution of the adversary proceeding so as to avoid any

delay. Permitting Law Debenture Trust to intervene will thus not prejudice other parties to the Adversary Proceeding.

16. The Millennium Noteholders are the primary beneficiaries, together with the holders of the debentures issued by Lyondell Chemical Company (formerly known as Arco Chemical Company) and of the debentures issued by Equistar Chemicals L.P., of the case as creditors of the Lyondell subsidiaries who were harmed by the LBO. They are also the primary beneficiaries of the claims that are asserted by the Committee in Counts XX and XXI of the Complaint, which the defendants in the adversary proceeding have moved to dismiss. Consequently, the Millennium Noteholders are critically concerned with the outcome of those Counts. In short, given the size of the holdings of the Millennium Noteholders and their consequent significant economic interest in the case, Law Debenture Trust and the Millennium Noteholders would suffer prejudice if denied the ability to participate directly in the prosecution or settlement of claims in which they have an interest, especially in light of the fact that their interest may differ from the interest of other unsecured creditors.

## NOTICE

17. Notice of this Motion has been given to counsel to the Debtors, counsel to the Creditors' Committee, the U.S. Trustee and each Defendant (or their counsel, to the extent known). In light of the nature of the relief requested herein, Law Debenture Trust submits that no further notice is required and requests that such notice be deemed adequate and sufficient.

## NO PRIOR REQUEST

18. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Law Debenture Trust respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A, (i) authorizing , Law Debenture Trust to

intervene in the Adversary Proceeding and (ii) granting, Law Debenture Trust such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 25, 2009

                                Golenbock Eiseman Assor Bell &
                                Peskoe LLP

                             By: /s/ Jeffrey T. Golenbock
                                Jeffrey T. Golenbock
                                Jonathan Flaxer

                              437 Madison Avenue
                              New York, New York 10022
                              (212) 907-7373
                              *Attorneys for Law Debenture Trust*
                              *Company of New York, as Trustee*