H. Peter Haveles, Jr.
Ana M. Alfonso
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10020
(212) 836-8000

Attorneys for Defendants ABN AMRO Inc. and
ABN AMRO Bank N.V.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
In re:                                :
                                      :   Case No. 09-10023 (REG)
                                      :
LYONDELL CHEMICAL COMPANY, et al.,    :   Jointly Administered
                                      :
                 Debtors.             :
                                      :
                                      :
------------------------------------- x
                                      :
OFFICIAL COMMITTEE OF UNSECURED       :   Adversary Proceeding
CREDITORS, on behalf of The Debtors' Estates,  :  No. 09-01375 (REG)
                                      :
                 Plaintiff,           :
                                      :
v.                                    :
                                      :
CITIBANK, N.A., LONDON BRANCH et al., :
                                      :
                 Defendants.          :
------------------------------------- x

## ABN'S OPPOSITION TO LAW DEBENTURE
## TRUST'S MOTION TO INTERVENE

Defendants ABN AMRO Bank N.V. and ABN AMRO, Inc. (collectively, "ABN") submit this opposition to the motion of Law Debenture Trust Company of New York

("Law Debenture Trust") to intervene in this adversary proceeding (the "Motion"). ABN submits this opposition on behalf of the other Financing Party Defendants.[1]

1. In accordance with this Court's Order dated July 27, 2009, the Official Committee of Unsecured Creditors (the "Committee") commenced this adversary proceeding (the "UCC Litigation") on behalf of all unsecured creditors. Over two months later, Law Debenture Trust has filed the Motion seeking to intervene in the UCC Litigation. As set forth below, there is simply no reason to grant the Motion and it should be denied. First, the Committee -- of which Law Debenture Trust is a <u>member</u> and hence whose counsel is acting at its <u>direction</u> -- is able to represent fully the interests of Law Debenture Trust. Second, and as is indicated by Law Debenture Trust's recent pleadings, Law Debenture Trust's sole interest is to differentiate itself from certain of the Debtors' other unsecured creditors -- an intercreditor motivation that does not require it to intervene in the UCC Litigation, but rather to seek to file a <u>separate adversary proceeding</u>, as it indeed has already done. <u>See</u> this Opposition ¶ 6, <u>infra</u>. Third, at this late stage of the case, intervention by Law Debenture Trust would be highly prejudicial and disruptive, and would frustrate the ability of the parties to comply with the obligations set forth in the Case Management Order dated September 24, 2009 (the "CMO") (as modified by the proposed stipulation and order dated October 27, 2009). In sum, Law Debenture Trust is unable to establish cause as to why the Motion should be granted. Accordingly, the Motion should be denied in its entirety.

---

[1] The Financing Party Defendants are LeverageSource III, S.á.r.l. (sued individually and as a purported defendant class representative of all holders by purchase of senior secured debt), Citibank N.A., Citibank International PLC, Citigroup Global Markets Inc., Goldman Sachs Credit Partners L.P., Goldman Sachs International, Merrill, Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Capital Corporation, UBS Securities, LLC, ABN AMRO Inc. and ABN AMRO Bank, N.V.

2. Law Debenture Trust purports to be acting in its capacity as the successor trustee to the holders of $241 million of Millennium Notes. Motion ¶ 2. As Law Debenture Trust acknowledges, the claims of those noteholders are unsecured. Id. The basis of Law Debenture Trust's Motion is that: (i) it is a party in interest in the bankruptcy case by virtue of being an unsecured creditor; (ii) it is a very large unsecured creditor; and (iii) the noteholders for whom it acts are primary beneficiaries of claims under Counts XX and XXI of the Committee's Complaint. Id. ¶¶ 2, 9, 16. Law Debenture Trust takes the position that the Committee is not able represent its interests because "it is inevitable that differences may arise between the creditor constituencies" that make up the Committee. Id. ¶ 2.

3. As an initial observation, the Motion should be denied because of the conflict created by it. Law Debenture Trust is a member of the Committee and it therefore owes a fiduciary duty to the interests of all creditors that it represents. By virtue of its Committee membership, Law Debenture Trust participates in the direction of the Committee's counsel, and the determination of the Committee's strategy for all unsecured creditors. Law Debenture Trust cannot function as a member of the Committee, the plaintiff in the UCC Litigation, and at the same time intervene in the UCC Litigation to promote a separate agenda on Law Debenture Trust's own behalf. This conflict alone requires denial of the Motion.

4. Further, nowhere in its Motion does Law Debenture Trust identify anything about its rights as an unsecured creditor that the Committee -- whose counsel, we would presume, is acting at its direction -- is not able to represent.[2] Instead, its Motion is based

---

[2] Indeed, if counsel to the Committee is not acting at the direction of its members, Law Debenture Trust has various remedies available to it -- none of which include intervention in this adversary proceeding.

solely on the speculative assertion that differences "may arise" in the future that would make the Committee unable to represent its interests.[3]

5. The closest that Law Debenture Trust comes to identifying a distinct reason for its own participation in this adversary proceeding is in paragraph 9 of the Motion, in which Law Debenture Trust asserts that the Committee cannot represent its interests because Law Debenture Trust's recovery is dependent upon and will vary by the assets and liabilities of each particular debtor at various times. Yet, Law Debenture Trust fails to explain why that fact differentiates it from other unsecured creditors that the Committee represents. Indeed, the Committee itself has addressed that issue in connection with the claims asserted in the Complaint. See, e.g., Complaint ¶¶ 392-407. Further, the Court has specifically provided for the adjudication of those issues in Phase IA. See CMO ¶ 2. Thus, to the extent that those issues remain pertinent and Phase IA takes place, the Committee is charged with addressing the very issues that Law Debenture Trust claims are important to it.

6. Law Debenture Trust relies on <u>Term Loan Holder Committee v. Ozer Group LLC (In re Caldor Corp.)</u>, 303 F.3d 161 (2d Cir. 2002). <u>See</u> Motion ¶ 12. Yet, the circumstances present in <u>Caldor</u> are not present here, and the same result should not apply. In <u>Caldor</u>, the proposed intervenors were secured creditors and the only parties purportedly representing their interests were the debtors (which fully supported the motion to intervene). 303 F.3d at 163-64. Here, in sharp contrast, Law Debenture Trust is already represented, and the mandate in <u>Caldor</u> is therefore satisfied. The Committee is representing the interests of Law Debenture Trust and the noteholders for which it is trustee. Further, Law Debenture Trust

---

[3] The speculative assertion made in the Motion is in stark contrast to the very specific allegations that are made in the Standing Motion regarding differences between Law Debenture Trust and the indenture trustee for the Debtors' 2015 Notes. <u>See</u> this Opposition ¶ 6, <u>infra</u>.

has not identified any conflict that disables the Committee from representing its interests. Consequently, the Law Debenture Trust's rights under Section 1109(b) to appear and be heard are fully satisfied through its representation by the Committee.

7. Second, to the extent that Law Debenture Trust actually has an intercreditor dispute with other unsecured creditors (<u>i.e.</u>, others who are plaintiffs in the adversary proceeding), Law Debenture Trust's remedy is not to intervene in this adversary proceeding, but rather to file a motion for leave to commence its own adversary proceeding. Indeed, Law Debenture Trust <u>has done exactly that</u>, by filing its Motion of the Law Debenture Trust Company of New York For An Order (I) Authorizing it to Pursue Causes of Action of the Millennium Guarantors' Estates Relating to the Nell Guarantees and (II) Granting Related Relief (D. 3073) (the "Standing Motion"), which is scheduled to be heard at the same hearing in which the instant motion is being heard. In its Standing Motion, Law Debenture Trust explains with specificity that it believes it has separate causes of action against Wilmington Trust (the indenture trustee to the so-called "2015 Notes" issued and guaranteed by certain of the Debtors) stemming from certain grants of guarantees in connection with the 2007 leveraged buy-out transaction in which Lyondell merged with Basell. Moreover, in the Standing Motion, as opposed to the Motion, Law Debenture Trust sets forth an explanation as to why it needs to bring a separate cause of action -- <u>i.e.</u>, because counsel to the Committee refused to bring the Standing Motion or add the causes of action to the UCC Litigation. <u>See</u> Standing Motion ¶¶ 13, 22. Without commenting on the merits of the Standing Motion, we would simply note the obvious differences between Law Debenture's clear and straightforward rationale set forth in the Standing Motion and the utter lack of any explanation in the Motion as clear indications that there is simply no reason to grant the Motion.

8. Law Debenture Trust's Motion should also be denied for the independent reason that it is untimely.  See Iridium India Telecom Ltd. v. Motorola, Inc., 165 Fed. Appx. 878, 879-80 (2d Cir. 2005) (Caldor does not exempt bankruptcy intervenors from Rule 24's timeliness requirement).  Pursuant to the CMO, this adversary proceeding is being adjudicated on an extraordinarily rapid schedule.  Law Debenture Trust, however, inexplicably waited to file its Motion until approximately two months after the filing of the Committee's Complaint, at a time when the pre-trial phase of this case was substantially underway.  Indeed, by the time the Motion is submitted to the Court, fact discovery will have been completed, and trial will be less than one month away.

9. Intervention by Law Debenture Trust at this time would be highly prejudicial to the Financing Party Defendants and would disrupt progress under the CMO. Particularly at this late stage, the defendants in the UCC Litigation should not have to deal with duplicative or different requests for discovery by Law Debenture Trust, or prolonged depositions to the extent that Law Debenture Trust seeks to participate in any of the forthcoming expert depositions.  Indeed, the actual duplication and extra burden that would be imposed by intervention is evidenced by the memorandum of law that Law Debenture Trust filed in opposition to the Financing Party Defendants' motion to dismiss (D. 129), despite the fact that Law Debenture Trust had no authority to submit such a memorandum as of that time.

10. In reply, Law Debenture Trust may represent that it has no intentions of duplicating or repeating or competing with any of the Committee's efforts during the pre-trial phase of this action or at trial.  If Law Debenture Trust takes this position in order to argue that its intervention would not impose any burden, it in effect will be conceding that the

Committee, of which the Law Debenture Trust is a member, is adequately representing its interests and that there is no need for it to intervene.[4]

---

[4] Indeed, for Law Debenture Trust to take any other position would be effectively conceding that its counsel is not adequately representing the interests of the Committee, for which separate remedies are available, and for which granting this Motion is not an appropriate remedy.

11. In sum, Law Debenture Trust is not entitled to intervene, and no purpose would be served by its intervention. Thus, the Motion should be denied. If the Law Debenture Trust should be permitted to intervene, however, Law Debenture Trust's right to do so should be strictly circumscribed to ensure the efficient and orderly conduct of this proceeding. Section 1109(b) affords parties in interest nothing more than the right to appear and be heard. Since Caldor, courts have held that they may limit the role of an intervenor. See, e.g., In re Smart World Technologies, LLC, 423 F.3d 166, 183 (2d Cir. 2005) ("In creating the § 1109(b) right to 'appear and be heard on any issue,' Congress cannot have intended to override the Code provisions in which it carved out an exclusive role for the debtor-in-possession as legal representative and fiduciary of the estate"); In re Adelphia Comms. Corp., 285 B.R. 848, 856-58 (Bankr. S.D.N.Y. 2002) (allowing intervention under Section 1109(b) but holding that the intervenors' actions may be limited in the interest of judicial economy and preventing excessive burdens).

Dated: New York, New York
     October 30, 2009

Respectfully Submitted,

KAYE SCHOLER LLP

By: /s/ H. Peter Haveles, Jr.
H. Peter Haveles, Jr.
Ana M. Alfonso
425 Park Avenue
New York, NY 10022
Telephone: 212-836-8000
Facsimile: 212-836-8689
peter.haveles@kayescholer.com
aalfonso@kayescholer.com

Attorneys for Defendants
ABN AMRO Inc. and
ABN AMRO Bank N.V.