Jeffrey T. Golenbock
Douglas L. Furth
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, NY 10022
Telephone (212) 907-7300
Fax (212) 754-0330

*Counsel for Law Debenture Trust Company
of New York, as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LYONDELL CHEMICAL COMPANY, et al., | Case No. 09-10023 (REG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------x

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of The Debtors' Estates, | |
| Plaintiffs, | |
| v. | Adv. No. 09-01375 |
| CITIBANK, N.A., LONDON BRANCH, et al., | |
| Defendants. | |

------------------------------------------------------------x

**REPLY OF THE LAW DEBENTURE TRUST COMPANY OF
NEW YORK, AS INDENTURE TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF
ORDER PURSUANT TO 11 U.S.C. § 1109(b) AND FED. R. CIV. P. 24(a)
GRANTING RIGHT TO INTERVENE IN ADVERSARY PROCEEDING
<u>COMMENCED BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

The Law Debenture Trust Company of New York ("<u>Law Debenture</u>"), solely in its

capacity as Indenture Trustee for those certain 7.625% Senior Unsecured Notes due 2026 issued

by Millennium America, Inc, one of the captioned Debtors, hereby submits this reply memorandum in support of its motion (the "Motion") for an order, pursuant to section 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 and Rule 24(a)(1) of the Federal Rules of Civil Procedure made applicable hereto by Rule 7024 of the Federal Rules of Bankruptcy Procedure, authorizing Law Debenture to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding"). In support thereof, Law Debenture respectfully states:

1. Law Debenture filed its Motion on September 25, 2009. On October 30, 2009, an opposition (the "ABN Opposition") was filed by Defendants ABN AMRO Bank N.V. and ABN AMRO, Inc. (collectively. "ABN").[1] No other party, including the Creditors Committee[2], opposed the Motion.

I. **There is No Conflict Between Law Debenture's Role as a Member of the Creditors Committee and Its Need to Protect Its Interests By Intervening in This Case.**

2. ABN argues that Law Debenture should not be permitted to protect its individual interests as Indenture Trustee because it is a member of the Creditors Committee that is prosecuting the litigation. Yet ABN offers no authority for the proposition that a creditor serving on a creditors' committee cannot protect interests separate and distinct from those protected by the committee. In fact the law clearly recognizes that although committee members owe fiduciary duties, they are hybrids who serve more than one master. Every member of a committee is, by definition, a creditor. Thus, it is in competition with every other creditor for a piece of a shrinking pie. It may assert rights as a creditor to the detriment of the creditor body as a whole without running afoul of his fiduciary obligations. *Rickel & Assoc., Inc. v. Smith (In re*

---

[1] Curiously, ABN has not objected to the intervention motion of Wilmington Trust Company ("WTC"). WTC's motion is returnable at the same time as Law Debenture's motion. Apparently, ABN does not object to WTC's motion because WTC's interests are more closely aligned with ABN than are Law Debenture's interests. Law Debenture should have the same right as WTC to protect its noteholders' interests in this Adversary Proceeding.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

*Rickel & Assoc., Inc.)*, 272 B.R. 74, 100 (Bankr. S.D.N.Y. 2002) (citing *Krafsur v. UOP (In re El Paso Refinery, L.P.)*, 196 B.R. 58, 74 (Bankr. W.D. Tex. 1996). For example, members of a creditor's committee often prosecute proofs of claim to which a committee may object. The principle, however, is one of broad application. In short, there is no conflict of interest that bars Law Debenture from intervening in this adversary proceeding.[3]

3. ABN also suggests that there is no need for Law Debenture to intervene in the adversary proceeding because the Creditors Committee acts at the direction of Law Debenture. ABN Opposition at ¶ 4. But as ABN knows full well, the Creditors Committee acts at the direction of its members as a whole, of which Law Debenture is only one of six.

4. ABN also asserts that Law Debenture need not be permitted to intervene because the interests represented by Law Debenture and those represented by the Creditors Committee are for all practical purposes identical. ABN Opposition ¶5. It is clear, however, that Law Debenture has interests which are significantly more particular that those represented by the Creditors Committee as its recoveries will come solely from the Millennium Debtors. The transactions being scrutinized in the Adversary Proceeding have different impacts on different Debtors, including the Millennium Debtors. In addition, any decision made in this Adversary Proceeding may impact the separate adversary proceeding that Law Debenture seeks to prosecute on behalf of the Millennium Debtors. Law Debenture is the party best positioned to protect these interests.

## II. Intervention By Law Debenture Will Not Delay Phase 1.

5. ABN argues that granting Law Debenture authority to intervene will disrupt the case and "frustrate the ability of the parties to comply with the obligations set forth in the Case

---

[3] Nor should any such "conflict" bar WTC – which, like Law Debenture, is a member of the Creditors Committee – from intervening in this adversary proceeding.

Management Order." ABN Objection at ¶ 1. Nothing could be further from the case. Law Debenture is well aware of this Court's schedule for Phase 1 of the Adversary Proceeding and will not interfere with that schedule. Law Debenture anticipates that during Phase 1, its participation in the adversary proceeding will be extremely limited. Law Debenture will coordinate with the Creditors Committee in the prosecution of the Adversary Proceeding, and does not intend to take any depositions or serve document requests. At most, it might ask non-duplicative questions at scheduled depositions, participate in a limited way in cross-examination of witnesses (in the unlikely event that counsel for the Creditors Committee were to fail to ask questions relevant to the interests of the creditors of the Millennium Debtors) and possibly participate in argument to the extent necessary to protect the interests of Millennium noteholders. In future phases, as issues relating to particular Debtors are to be tried, Law Debenture's participation may be more active.

**WHEREFORE**, Law Debenture respectfully requests entry of an order (i) authorizing Law Debenture to intervene in the Adversary Proceeding and (ii) granting Law Debenture such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 2, 2009

                                                Golenbock Eiseman Assor Bell &
                                                Peskoe LLP

                                                By: /s/ Jeffrey T. Golenbock
                                                      Jeffrey T. Golenbock

                                                437 Madison Avenue
                                                New York, New York 10022
                                                (212) 907-7373
                                                *Attorneys for Law Debenture Trust*
                                                *Company of New York, as Trustee*