**EXHIBIT B**

# **JOINDER TO THE PLAN SUPPORT AGREEMENT**

    This Joinder to the Plan Support Agreement dated as of March 10, 2010 and as amended through the date hereof (the "<u>PSA,</u>" a copy of which, excluding Schedule 1 thereto, is attached hereto as Annex I), by and among LyondellBasell Industries AF S.C.A. ("<u>LBIAF</u>") and the Consenting Holders signatory thereto, is executed and delivered by [_____] (the "<u>Joining Consenting Holder Party</u>") as of [_____], 2010. Each capitalized term used herein but not otherwise defined shall have the meaning set forth in the PSA.

    1.  <u>Agreement to be Bound</u>.  The Joining Consenting Holder Party hereby assumes all of the rights and obligations as a Consenting Holder under the PSA with respect to the Assigning Claims (as defined below) and agrees to be bound by and not contest all of the terms and provisions of the PSA (as the same may be hereafter amended, restated or otherwise modified from time to time) and the Approval Order (including, without limitation, the exclusive jurisdiction of the Bankruptcy Court to enforce the PSA, and any amendments and joinders thereto and the remedy of specific performance set forth in the PSA), with respect to the Assigning Claims and any other Millennium Claims now owned or hereafter acquired by the Joining Consenting Holder Party. The Joining Consenting Holder Party shall hereafter be deemed to be a Consenting Holder and a Party for all purposes under the PSA. Notwithstanding anything to the contrary, the Joining Consenting Holder Party shall not be subject to the Plan Support Agreement by reason of this Joinder other than in its capacity as a Millennium Noteholder and with regard to its Millennium Notes Claims.

    2.  <u>Representations and Warranties</u>.  The Joining Consenting Holder Party hereby—

    a.  represents and warrants to each of the other Parties to the PSA that, solely with respect to itself, the statements set forth in Section 9 and, solely with respect to the Assigning Claims, Section 11 of the PSA are true, correct and complete as of the date hereof;

    b.  further represents and warrants that (i) it is acquiring the Consenting Holder Claims in the amounts set forth on Schedule 1 hereto (the "<u>Assigning Claims</u>"), and (ii) upon consummation of such acquisition under the applicable agreement to which such Assigning Claims relate, it will be the legal or beneficial owner of the Assigning Claims; and

    c.  represents and warrants that (1) it has received a copy of the PSA (and each of the exhibits thereto), the Approval Order, (2) it consents to the delivery of this Joinder to the Debtors (and any other parties) as set forth in the Approval Order, (3) it agrees to abide by and not contest any of the provisions of the Approval

Order, including, without limitation, the exclusive jurisdiction of the Bankruptcy Court to enforce the PSA and this Joinder and the remedy of specific performance as set forth therein (pursuant to which, to the extent permitted by applicable law, it shall pay the Debtors and any third party beneficiary with respect to the PSA, any fees and expenses (including, without limitation, reasonable attorneys' fees) expended by such parties to specifically enforce the terms of the PSA) and in the PSA.

3. <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Joinder shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the conflicts of law principles thereof.

4. <u>Notice</u>. Any notice required or desired to be served, given or delivered to the Joining Consenting Holder Party under the PSA shall be in writing, and shall be deemed to have been validly served, given or delivered upon receipt if provided by personal delivery, sent by recognized overnight courier, or sent by facsimile or similar electronic means to the Joining Consenting Holder Party's notice address as set forth beneath its signature block hereto.

IN WITNESS WHEREOF, the Joining Consenting Holder Party has caused this Joinder to be executed as of the date first written above.

NAME OF INSTITUTION:

_____

By: _____

Name: _____

Title: _____

Address:

Attention:

Fax:

**Schedule 1 to Joinder – Assigning Claims**