**Opposition Deadline: September 27, 2016**

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Defendants Access Industries,
Inc., Access Industries Holdings LLC, Nell
Limited, AI International S.à.r.l., Len Blavatnik,
Lincoln Benet, and Philip Kassin*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: LYONDELL CHEMICAL COMPANY, *et al.*, | Case No. 09-10023 (CGM) |
| Debtors. | Chapter 11 |
| | (Jointly Administered) |

---

| | |
|---|---|
| EDWARD S. WEISFELNER, AS LITIGATION TRUSTEE OF THE LB LITIGATION TRUST, | |
| Plaintiff, | Adv. Pro. No. 09-1375 (MG) |
| v. | |
| LEONARD BLAVATNIK, *et al.*, | |
| Defendants. | |

---

**DECLARATION OF RICHARD I. WERDER, JR.
IN SUPPORT OF THE ACCESS DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
CERTAIN TESTIMONY OF RALPH TULIANO, DAVID WITTE, AND H.G. NEBEKER**

I, RICHARD I. WERDER, JR., an attorney duly admitted to practice in the State of New York and the Southern District of New York, hereby declare under penalty of perjury as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel to Defendants Access Industries, Inc., Access Industries Holdings LLC, AI International S.à.r.l, Nell Limited, Len Blavatnik, Lincoln Benet, and Philip Kassin (collectively, the "Access Defendants") in the above-captioned action. I submit this Declaration in support of the Access Defendants' motion *in limine* to preclude Plaintiff Edward S. Weisfelner, as Litigation Trustee of the LB Litigation Trust, from proffering certain testimony of his designated experts Ralph Tuliano, David Witte, and H.G. Nebeker ("Motion"), filed concurrently herewith.

2. Annexed hereto as Exhibit A is a true and correct copy of Tuliano's November 7, 2009 Expert Report and accompanying appendices, which has been highlighted to identify the portions that are the subject of the Motion.

3. Annexed hereto as Exhibit B is a true and correct copy of Tuliano's November 20, 2009 Rebuttal Report and accompanying exhibits, which has been highlighted to identify the portions that are the subject of the Motion.

4. Annexed hereto as Exhibit C is a true and correct copy of Tuliano's February 28, 2011 Expert Report and accompanying appendices, which has been highlighted to identify the portions that are the subject of the Motion.

5. Annexed hereto as Exhibit D is a true and correct copy of Tuliano's June 8, 2011 Rebuttal Report and accompanying appendices, which has been highlighted to identify the portions that are the subject of the Motion.

6. Annexed hereto as Exhibit E is a true and correct copy of Witte and Nebeker's February 28, 2011 Supplemental Expert Report and accompanying exhibit, which has been highlighted to identify the portions that are the subject of the Motion.

1

      7.      Annexed hereto as Exhibit F is a true and correct copy of Witte and Nebeker's May 31, 2011 Expert Rebuttal Report and accompanying exhibit, which has been highlighted to identify the portions that are the subject of the Motion.

      8.      Annexed hereto as Exhibit G is a true and correct copy of excerpts of the transcript of the December 3, 2009 deposition of Tuliano.

      9.      Annexed hereto as Exhibit H is a true and correct copy of excerpts of the transcript of the June 28, 2011 deposition of Tuliano.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
September 20, 2016

                                                    /s/ *Richard I. Werder, Jr.*
                                                    Richard I. Werder, Jr.