UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-10023 (CMG) |
| LYONDELL CHEMICAL COMPANY, *et al.*, | |
| | Chapter 11 |
| Debtors. | |
| EDWARD S. WEISFELNER, AS LITIGATION TRUSTEE OF THE LB LITIGATION TRUST, | (Jointly Administered) |
| Plaintiff, | Adv. Pro. No. 09-1375 (MG) |
| v. | |
| LEONARD BLAVATNIK, *et al.*, | |
| Defendants. | |
| EDWARD S. WEISFELNER, AS LITIGATION TRUSTEE OF THE LB LITIGATION TRUST, | |
| | Adv. Pro. No. 11-01844 (MG) |
| Plaintiff, | |
| v. | |
| NAG Investments LLC, | |
| Defendant. | |

## JOINT PRE-TRIAL ORDER

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, made applicable by Fed. R. Bankr. P. 7016, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**I.   NATURE OF THE CASE**

This adversary proceeding arises out of the 2007 acquisition of the Lyondell Chemical Company ("Lyondell") by a subsidiary of Basell AF S.C.A. ("Basell" or the "Parent Company

1

Debtor"), a Luxembourg entity (the "Transaction"). Following the Transaction, Lyondell and affiliated entities (the "Debtors") filed petitions under chapter 11 of Title 11 of the United States Code on January 6, 2009. The Parent Company Debtor, at that time named LyondellBasell Industries S.C.A ("LBI AF") and its general partner LyondellBasell Industries S.á.r.l. (the "GP") filed for bankruptcy protection on April 24, 2009. Defendants, with the exception of a financial advisory firm, are present or former affiliates, officers, agents, principals or employees of Access Industries, Inc., a company founded by Len Blavatnik, the indirect, majority beneficial owner of the Parent Company Debtor.

The Trustee, who was appointed under the Debtors' 2010 Plan of Reorganization, seeks to avoid as fraudulent transfers payments aggregating approximately $1.2 billion allegedly made to or for the benefit of certain Defendants with the actual intent to hinder, delay, or defraud creditors or while the Debtors were in one of the financial conditions described in Section 548(a)(1)(B)(ii). The Trustee also seeks to claw back, as fraudulent transfers, "financial advisory and management fees" in the approximate amount of $128 million. Further, the Trustee seeks to avoid as an avoidable preference, $300 million of transfers made to Defendant Access Industries Holdings LLC ("AIH") on account of antecedent debt.

Additionally, the Trustee seeks to recover damages, in an amount to be established at trial, for alleged breaches of duty under Luxembourg law. Relatedly, the Trustee seeks to recover damages, in an amount to be established at trial, for the aiding and abetting of such breaches of Luxembourg law duties. An additional claim seeks approximately $12 million of restitutionary damages arising out of a breach of contract. Finally, the Trustee seeks to avoid as a fraudulent transfer under Section 548 a €100 million payment made prior to the Transaction to NAG Investments, LLC.

2

## II. BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

The parties agree that (a) this Court has jurisdiction over this matter under 28 U.S.C. §§ 157, 1331, 1334, and 1367; (b) the claims to be tried are either core proceedings under 28 U.S.C. § 157(b)(2)(A), (B) or (O), or they are otherwise related to a case under title 11 under 28 U.S.C. § 157(c) that may be heard and determined by this Court with the consent of the parties subject to appellate review under 28 U.S.C. §58. The parties consent to the bankruptcy judge entering final orders or judgment.

## III. STIPULATED FACTS

The parties are committed to stipulating to a core group of facts, but have not reached an agreement at this time.

## IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

### A. Plaintiff's Contentions

The Plaintiff's contentions are set forth in Exhibit A, attached to this order.

### B. Defendant's Contentions

The Defendants' contentions are set forth in Exhibit B, attached to this order.

## V. ISSUES TO BE TRIED

The parties respectfully refer to and incorporate their pre-trial legal submissions. Without waiver of such submissions and to summarize, the parties identify the following issues:

### A. Count 1: Constructive Fraudulent Transfer

    a. Whether Toe-Hold Payment 1 may be avoided, in whole or in part, under Sections 548 or 544 of the Bankruptcy Code as a constructively fraudulent transfer and, more specifically:

        i. Whether Toe-Hold Payment 1 was a transfer of an interest of one or more Debtors in property;

        ii. Whether the Debtors received less than reasonably equivalent value in exchange for Toe-Hold Payment 1; and

        iii. Whether, as of the time of Toe-Hold Payment 1, the financial condition of the Debtors was as is described in any of clauses (I), (II) or (III) of Section 548(a)(1)(B)(ii).

        iv. Whether avoidance of Toe-Hold Payment 1 is barred by Section 546(e) of the Bankruptcy Code.

    b. Whether, if Toe-Hold Payment 1 or any portion thereof is avoided as a constructive fraudulent transfer, under Section 550 of the Bankruptcy Code, the Trustee may recover such avoided transfer from Nell Limited and/or from Len Blavatnik as, in the case of Nell Limited, the "immediate or mediate transferee" or, in the case of Len Blavatnik, as an "immediate or mediate transferee" or the alter ego of Nell Limited or the entity "for whose benefit" the transfer was made; and

    c. Whether the transferee has any right of offset arising under Sections 548(c), 550(d), or 502(h) of the Bankruptcy Code.

4

B. <u>Count 2:  Intentional Fraudulent Transfer</u>

    a. Whether the Toe-Hold Payments were transfers of an interest of one or more Debtors in property;

    b. Whether the Toe-Hold Payments were made with actual intent to hinder, delay or defraud any entity to which the Debtors were or became, on or after December 20, 2007, indebted; and

    c. Whether, if the Toe-Hold Payments or any portion thereof are avoided as an intentional fraudulent transfer, under Section 550 of the Bankruptcy Code, the Trustee may recover such avoided transfer from Nell Limited and/or from Len Blavatnik as "initial transferee," "immediate or mediate transferee" or the alter ego of Nell Limited or the entity "for whose benefit" the transfer to Nell Limited was made; and

    d. Whether the transferee has any right of offset arising under sections 548(c), 550(d), or 502(h) of the Bankruptcy Code.

C. <u>Counts 6 and 7: Luxembourg Law Claims</u>[1]

    a. Whether, under Luxembourg law, Blavatnik or Access Industries, Inc. was a *de facto* director of the Basell AF S.C.A. (the "Debtor Parent Company") during the period leading up and including the Merger (the "Pre-Merger Period");

---

[1] Defendants do not agree that the "issues to be tried" with respect to Count 7 accurately describe the Trustee's claims.  According to the Trustee's amended complaint, which was filed approximately five months ago, the entity liable in respect of the Luxembourg aiding and abetting claims was Access Industries Holdings, LLC.  The Defendants assert they have relied on the complaint in preparing the case for trial.

5

 b. Whether as a *de facto* director of the Debtor Parent Company Blavatnik or Access Industries, Inc. committed acts during the Pre-Merger Period that under Luxembourg law constitute "fault;"

 c. Whether, if Blavatnik or Access Industries, Inc. committed acts that constitute "fault," (i) such conduct resulted in harm to the Debtors and (ii) the extent of such harm, if any;

 d. Whether under Luxembourg law, Philip Kassin is liable to the Parent Debtor Company for having committed acts during the Pre-Merger Period that constitute "fault;"

 e. Whether under Luxembourg law, Blavatnik, Kassin, or Lincoln Benet are liable to the Parent Company in tort based on conduct engaged in by them (or by either of them) as members of the Supervisory Board of the Debtor Parent Company during the post-Merger period; and

 f. Causation and damages resulting from Defendants' conduct; and

 g. Whether liability has been discharged or released.

D. <u>Count 9: Avoidable Preference</u>

 a. Whether on and as of October 16 through October 20, 2008, the sum of the debts of Lyondell Chemical Company ("Lyondell") and/or LBI (depending on whose interest in property was transferred) was greater than all of Lyondell's and/or LBI's (depending on whose interest in property was transferred) property, at fair valuation;

 b. Whether Lyondell and/or LBI on each of October 16, 17, and 20, 2008, made transfers of $100 million (aggregating $300 million, the "Transfers")

6

      to defendant AIH on account of antecedent debt in the amount of $300 million;

  c. Whether the Transfers, unless avoided, will enable AIH to receive in excess of the amount it would receive if chapter 11 cases of the Lyondell Chemical Company and its affiliated Debtors were cases under chapter 7 of Title 11;

  d. Whether avoidance of the Transfers is precluded by the defenses set forth in Section 547(c)(2) (ordinary course of financial affairs defense);

  e. Whether the purposes of the preference statute are advanced by avoidance and recovery of the transfers; and

  f. Whether the transferee has any right of offset arising under Section 502(h) of the Bankruptcy Code.

E. <u>Count 11: Constructive Fraudulent Transfer</u>

  a. Whether the transaction fees paid to Nell Limited (in the amount of $127.6 million) and the transaction fees paid to Perella Weinberg, or either of them (the "Transaction Fees"), may be avoided by the Trustee, in whole or in part, under Sections 548 or 544 of the Bankruptcy Code as a constructively fraudulent transfer and, more specifically:

    i. Whether the Transaction Fees were transfers of an interest of one or more Debtors in property;

    ii. Whether the Debtors received less than reasonably equivalent value in exchange for the Transaction Fees;

7

   iii. Whether, as of the time of the transfer of the Transaction Fees, the financial condition of the Debtors was as is described in any of clauses (I), (II) or (III) of Section 548(a)(1)(B)(ii); and

   iv. Whether the transferee has any right of offset arising under sections 548(c), 550(d), or 502(h) of the Bankruptcy Code.

F. <u>Count 12: Breach of Contract</u>

 a. Whether the AIH or AI International (the "Revolver Defendants") breached the Access Revolver;

 b. Whether all conditions precedent to performance under the Access Revolver had been satisfied;

 c. Whether, if a breach occurred, Lyondell Chemical Company or other Debtor that was party to the Access Revolver is entitled to restitution of fees paid to the Revolver Defendants;

 d. The amount of restitution fees up to approximately $12 million.

G. <u>Count 18: Aiding and Abetting Breach of Fiduciary Duty</u>

 a. Whether a breach of fiduciary duty occurred;

 b. Whether Access Industries, Inc. knew of breaches of breaches of fiduciary duty owed by Blavatnik and Kassin to the Parent Company Debtor;

 c. Whether Access Industries, Inc. knowingly participated in such breaches of duty;

 d. Causation damages to the Debtors resulting from the breaches of fiduciary duty; and

 e. Whether liability has been discharged or released.

H. NAG Investments, LLC Action (Counts 1 & 2: Fraudulent Transfer)

    a. Whether the €100 million payment made to NAG Investments, LLC (the "December Distribution"), may be avoided by the Trustee, in whole or in part, under Section 548 of the Bankruptcy Code as a constructively fraudulent transfer and, more specifically:

        i. Whether the December Distribution was an extraterritorial transfer that is not subject to the Bankruptcy Code;[2]

        ii. Whether the December Distribution was a transfer of an interest of one or more Debtors in property;

        iii. Whether the applicable Debtor received less than reasonably equivalent value in exchange for the December Distribution; and

        iv. Whether, as of the time of the transfer of the December Distribution, the financial condition of the applicable Debtor was as is described in any of clauses (I), (II) or (III) of Section 548(a)(1)(B)(ii).

    b. Whether, if the December Distribution or any portion thereof is avoided as a constructive fraudulent transfer, under Section 550 of the Bankruptcy Code, the Trustee may recover such avoided transfer from NAG Investments, LLC as "initial transferee" or "immediate or mediate transferee."

---

[2] The Trustee does not agree that this is an issue to be tried. The issue of extraterritoriality was already decided by Judge Geber, see Decision & Order, Weisfelner v. Blavatnik (In re Lyondell Chem. Co.), No. 09-1375 (REG) (Bankr. S.D.N.Y. Jan. 4, 2016) [Dtk. No. 696] at 32-33, and is considered resolved by the Court. See Weisfelner v. NAG Investments, LLC (In re Lyondell Chem Co.), No. 11-01844 (MG) (Bankr. S.D.N.Y. July 20, 2016) [Dkt. No. 39] at 6-7. The law of the case applies.

9

## VI.   PLAINTIFF'S EXHIBITS

The Plaintiff's trial exhibits and the Defendants' stipulations and objections with respect to those exhibits are listed in Exhibit C, attached to this order.

## VII.   DEFENDANT'S EXHIBITS

The Defendants' trial exhibits and the Plaintiff's stipulations and objections with respect to those exhibits are listed in Exhibit D, attached to this order.

No exhibit not listed by plaintiff or defendant may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown. Each side shall list all exhibits it intends to offer on its case in chief. The list shall include a description of each exhibit. All exhibits shall be pre-marked with each exhibit bearing a unique number or letter (numbers for plaintiff and letters for defendant), with the prefix PX for plaintiff's exhibits and DX for defendant's exhibits. Two copies of each exhibit shall be delivered to chambers with the proposed pretrial conference order.

## VIII.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

The parties' stipulations and objections with respect to the exhibits are listed in Exhibits C and D. Any objections not set forth herein will be considered waived absent good cause shown.

The parties' joint exhibit list is attached as Exhibit E.

## IX.   PLAINTIFF'S WITNESS LIST

The Plaintiff's fact witnesses are:

1. Leonard Blavatnik
2. Lincoln Benet
3. Philip Kassin

4. Alan Bigman

5. Ajay Patel

6. Richard Storey

7. Karen Twitchell

8. Peter Thorén

9. Alex Blavatnik (by deposition designation)

10. Volker Trautz (by deposition designation)

11. Eberhard Faller (by deposition designation)

12. Kevin DeNicola (by deposition designation)

13. Douglas Pike (by deposition designation)

14. Dan Smith (by deposition designation)

15. Ann Graves (by deposition designation)

16. Erwin De Jong (by deposition designation)

17. Arvind Aggarwal (by deposition designation)

18. Edward Dineen (by deposition designation)

19. W. Norman Phillips (by deposition designation)

20. C. Kent Potter (by deposition designation)

21. William Spivey (by deposition designation)

22. Javier Martinez (by deposition designation)

23. Kevin McQuilkin (by deposition designation)

24. Kerry Galvin (by deposition designation)

25. Daniel Murphy (by deposition designation)

26. Susan Carter (by deposition designation)

27. Lawrence Teel (by deposition designation)

28. Joe Lee (by deposition designation)

29. Stephen Chazen (by deposition designation)

30. Kim Foley (by deposition designation)

31. Joseph Tanner (by deposition designation)

32. Robert Salvin (by deposition designation)

33. Bertrand Duc (by deposition designation)

34. Simon Baker (by deposition designation)

35. Mario Portela (by deposition designation)

36. Robert Bartell (by deposition designation)

37. Carol Anderson (by deposition designation)

38. Michael Castiel (by deposition designation)

39. John Auers (by deposition designation)

40. Douglas Lane (by deposition designation)

41. Travis Engen (by deposition designation)

42. Lynn Coleman (by deposition designation)

43. E. Thomas Massey (by deposition designation)

44. Morris Gelb (by deposition designation)

The Plaintiff's expert witnesses are:

1. David Witte

2. Gil Nebeker

3. Ralph Tuliano

4. Anders Maxwell

5. Philippe Thiebaud

## X. DEFENDANT'S WITNESS LIST

The Defendants' fact witnesses are:

1. Leonard Blavatnik
2. Richard Storey
3. Philip Kassin
4. Alan Bigman
5. Karen Twitchell
6. James Gallogly
7. Gunter Frangenberg
8. Robert Jeffries
9. Anand Melvani
10. John Vaske
11. Lincoln Benet
12. Edward Weisfelner
13. Gary Barancik (by deposition designation)
14. Arvind Aggarwal (by deposition designation)
15. John Auers (by deposition designation)
16. Robert Bartell (by deposition designation)
17. Michael Castiel (by deposition designation)
18. Lynn Coleman (by deposition designation)
19. Erwin De Jong (by deposition designation)
20. Edward Dineen (by deposition designation)

21. Travis Engen (by deposition designation)

22. Eberhard Faller (by deposition designation)

23. Kerry Galvin (by deposition designation)

24. Morris Gelb (by deposition designation)

25. Michael Kratochwill (by deposition designation)

26. Douglas Lane (by deposition designation)

27. E. Thomas Massey (by deposition designation)

28. Kevin McQuilkin (by deposition designation)

29. Kevin McShea (by deposition designation)

30. W. Norman Phillips (by deposition designation)

31. Douglas Pike (by deposition designation)

32. Mario Portela (by deposition designation)

33. C. Kent Potter (by deposition designation)

34. Dan Smith (by deposition designation)

35. Volker Trautz (by deposition designation)

36. David Witte (by deposition designation)

37. Ann Graves (by deposition designation)

38. Stephen Chazen (by deposition designation)

39. Robert Salvin (by deposition designation)

The Defendants' expert witnesses are:

1. Daniel Fischel

2. Christopher Kearns

3. Robert Young

4. M. Freddie Reiss

5. Thomas O'Connor

6. Alex Schmitt (by report)

7. Pieter van der Korst (by report)

The witnesses listed may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown. Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

The Plaintiff's deposition designations and objections to Defendants' deposition designations are listed in Exhibit F, attached to this order.

The Defendants' deposition designations and objections to the Plaintiff's designations are listed in Exhibit G, attached to this order.

## XI. RELIEF SOUGHT

The Plaintiff seeks recovery of: (a) $1.2 billion, as a fraudulent transfer; (b) approximately $128 million, as a fraudulent transfer; (c) $300 million, as an avoidable preference; (d) damages in an amount not less than $2 billion, to be determined at trial, for breaches of duties under Luxembourg law; (e) damages in an amount not less than $2 billion, to be determined at trial, for aiding and abetting breach of fiduciary duties; (f) $12 million in restitutionary damages for breach of contract; (g) €100,000,000, as a fraudulent transfer; and (h) pre-judgment interest.

15

Dated: New York, New York
October 3, 2016

BROWN RUDNICK LLP

By: /s/ Sigmund Wissner-Gross
Sigmund Wissner-Gross, Esq.
May Orenstein, Esq.
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

-and-

Steven D. Pohl, Esq.
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel for Edward S. Weisfelner,
as Litigation Trustee of the LB Litigation Trust*


QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ Richard I. Werder, Jr.

Richard I. Werder, Jr., Esq.
Susheel Kirpalani, Esq.
Rex Lee, Esq.
QUINN EMAUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100

*Attorneys for Defendants Access Industries, Inc.,
Access Industries Holdings, LLC, Nell Limited, AI
International S.a.r.l., Len Blavatnik, Lincoln Benet,
and Philip Kassin*

16

**IT IS SO ORDERED**

Dated: October __, 2016

_____
MARTIN GLENN
United State Bankruptcy Judge