Sigmund S. Wissner-Gross
May Orenstein
Justin S. Weddle
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800

Steven D. Pohl
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

*Counsel for Edward S. Weisfelner,*
*as Litigation Trustee of the LB Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>LYONDELL CHEMICAL COMPANY, *et al.*,<br><br>Debtors. | Case No. 09-10023 (MG)<br><br>Chapter 11<br><br>(Jointly Administered) |
| EDWARD S. WEISFELNER, AS LITIGATION TRUSTEE OF THE LB LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD BLAVATNIK, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-1375 (MG) |

**MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S MOTION IN LIMINE**
**TO EXCLUDE THE DECLARATION OF JAMES L. GALLOGLY**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    The declaration's statements about what Mr. Gallogly "understands" are hearsay. ............1

II.   The declaration contains improper opinion testimony based on Mr. Gallogly's
      specialized knowledge of the petrochemical industry. .......................................................2

III.  The declaration contains improper opinion testimony that does nothing more than
      tell the Court the result to reach on various issues..............................................................4

IV.   The declaration is irrelevant and subject to exclusion under Rule 403. .............................5

CONCLUSION................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Beastie Boys v. Monster Energy Co.,
  983 F. Supp. 2d 354 (S.D.N.Y. 2014)......................................................................................7

Cameron v. City of New York,
  598 F.3d 50 (2d Cir. 2010)......................................................................................................4

Hayden v. Walmart Stores, Inc.,
  619 F. App'x 22 (2d Cir. 2015) ...............................................................................................1

Hygh v. Jacobs,
  961 F.2d 359 (2d Cir. 1992)....................................................................................................4

Nimely v. City of New York,
  414 F.3d 381 (2d Cir. 2005)....................................................................................................4

United States v. Aboumoussallem,
  726 F.2d 906 (2d Cir. 1984)....................................................................................................7

United States v. Al Kassar,
  660 F.3d 108 (2d Cir. 2011)....................................................................................................6

United States v. Garcia,
  413 F.3d 201 (2d Cir. 2005)....................................................................................................4

United States v. Haynes,
  729 F.3d 178 (2d Cir. 2013)....................................................................................................2

United States v. Scop,
  846 F.2d 135 (2d Cir.1988), on reh'g, 856 F.2d 5 (2d Cir. 1988) ...........................................4

**Other Authorities**

Fed. R. Civ. P. 26......................................................................................................................3

Fed. R. Evid. 403 ................................................................................................................1, 5, 6

Fed. R. Evid. 602 ......................................................................................................................5

Fed. R. Evid. 701 ................................................................................................................2, 3, 4

Fed. R. Evid. 702 ................................................................................................................2, 3, 4

Fed. R. Evid. 802 ......................................................................................................................1

Edward S. Weisfelner, as Litigation Trustee of the LB Litigation Trust (the "Trustee"), respectfully submits this memorandum of law in support of the Trustee's Motion In Limine to Exclude the Declaration of James L. Gallogly.

On October 3, 2016, the Defendants served on the Trustee the declaration of Mr. James L. Gallogly ("Mr. Gallogly"), the Chief Executive Officer and Manager of the Board of Managers of LyondellBasell AFGP S.á.r.l. from May 2009 through early 2015. The Defendants have proffered Mr. Gallogly's declaration as his direct testimony as a fact witness at trial. Mr. Gallogly is neither a percipient witness nor an expert witness. The Trustee moves to preclude the declaration of Mr. Gallogly because the entire declaration falls into one of four inadmissible categories:

- hearsay;

- improper expert opinion testimony based on Mr. Gallogly's specialized knowledge about the petrochemical industry;

- opinion testimony that does nothing more than tell the Court the result to reach on various issues; and

- testimony that is irrelevant and subject to exclusion under Rule 403, as it would require a trial within a trial.

### I.     The declaration's statements about what Mr. Gallogly "understands" are hearsay.

Mr. Gallogly's declaration, in significant part, consists of hearsay testimony that must be excluded under Rule 802. See Fed. R. Evid. 802. Evidence must be excluded as hearsay if it is clear that the witness lacked independent knowledge and is simply recounting what he or she was told. That is true even if it is unclear who gave the witness information. See Hayden v. Walmart Stores, Inc., 619 F. App'x 22, 23 (2d Cir. 2015). Mr. Gallogly repeatedly makes statements in his declaration about events long pre-dating his employment by LBI. These statements, although phrased to obscure their hearsay nature, are not based on personal

1

knowledge and are plainly based on second-hand hearsay information provided by others. Examples include:

- Mr. Gallogly's knowledge of the acquisition of Solvay's polymer compounding unit and Shell's Berre refinery: "I understand that the plans for these acquisitions were well underway at the time of the merger." Gallogly Decl. ¶ 8.

- Mr. Gallogly's knowledge of the projections and earnings prior to his employment: "I understand that these numbers are consistent with the projections that management developed in 2007 in connection with the merger - my understanding is that, as of the end of 2007, management projected EBITDA of about $4.3 billion in 2010, $4.1 billion in 2011, $3.9 billion in 2012, and $4.1 billion in 2013." Gallogly Decl. ¶ 10.

- Mr. Gallogly's understanding of the process of estimating the synergies prior to the Merger: "The steps we took to achieve synergies include many of those that I understand were considered in developing the $420 million estimate." Gallogly Decl. ¶ 16.

Moreover, Mr. Gallogly's declaration includes testimony about conversations with Len Blavatnik, which clearly constitutes hearsay. Mr. Gallogly states that he spent a significant amount of time with Len Blavatnik, and reveals details about those conversations, attesting to what amounts to nothing more than Mr. Gallogly's opinions based on self-serving second-hand commentary from Mr. Blavatnik. Gallogly Decl. ¶ 21. Therefore, these statements, as well as the statements that Mr. Gallogly makes from information derived from others, should be excluded as hearsay.

## II. The declaration contains improper opinion testimony based on Mr. Gallogly's specialized knowledge of the petrochemical industry.

The Defendants also attempt to introduce improper opinion testimony of Mr. Gallogly. The testimony is not admissible as lay opinion testimony because it is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701(c). A "lay opinion must be the product of reasoning processes familiar to the average person in everyday life." United States v. Haynes, 729 F.3d 178, 195 (2d Cir. 2013). However, the Defendants are attempting to use Mr. Gallogly's experience as a "35-year veteran in the energy

2

and petrochemicals industry" to opine on the business, stating that he has "substantial knowledge and particular expertise in the exploration and production, refining, chemicals, and polymers businesses," and therefore, his opinions do not qualify as a lay opinions. Gallogly Decl. ¶¶ 5, 19. Examples of Mr. Gallogly's testimony as an expert include:

- His opinion as an outsider on the merits of the Lyondell-Basell merger. Gallogly Decl. ¶ 11.

- His opinion as an outsider on Lyondell's management. Gallogly Decl. ¶ 12.

- His opinion on the drivers of the performance of petrochemicals companies. Gallogly Decl. ¶ 14.

These opinions are based on Mr. Gallogly's experience in the petrochemical industry, and thus are not permitted as lay opinion testimony. Therefore, the opinions in Mr. Gallogly's declaration are inadmissible under Rule 701.

Moreover, Mr. Gallogly's testimony cannot be admitted as expert opinion testimony under Rule 702 because the Defendants not only completely failed to comply with the discovery rules pertaining to experts for Mr. Gallogly, but also this Court has by order established the Defendants' permitted industry experts, which do not include Mr. Gallogly. The Defendants did not provide a written expert report, and the Defendants never disclosed the use of Mr. Gallogly as an expert, let alone ninety days before trial. See Fed. R. Civ. P. 26. Furthermore, the Defendants' intention to offer Mr. Gallogly's declaration as evidence contravenes the Court's August 2, 2010 Case Management Order (the "CMO"), which limited the Defendants to offering Robert Young, Thomas O'Connor, and George Intille as industry experts and required all experts retained to provide expert testimony to submit an expert report satisfying the requirements of Fed. R. Civ. P. 26(a)(2)(B) [Docket No. 383, at ¶ 8(b), (k)]. Mr. Gallogly is not one of the Defendants' permitted industry experts under the CMO. Nor has Mr. Gallogly submitted an expert report in this case. Therefore, Mr. Gallogly's opinion testimony is inadmissible.

3

### III. The declaration contains improper opinion testimony that does nothing more than tell the Court the result to reach on various issues.

Through the declaration, the Defendants also attempt to introduce improper opinion testimony of Mr. Gallogly that is not helpful to the Court and does nothing more than tell the Court what result it should reach on various issues presented in the case. Testimony such as this is precluded both by Rule 701 and 702. See Fed. R. Evid. 701 (lay opinion not admissible unless "helpful to clearly understanding the witness's testimony or to determining a fact in issue"); United States v. Garcia, 413 F.3d 201, 214 (2d Cir. 2005) (Rule 701's requirement that lay opinions be helpful is "designed to provide assurance against the admission of opinions which would merely tell the jury what result to reach." (internal quotation marks omitted)); see also Hygh v. Jacobs, 961 F.2d 359, 364-65 (2d Cir. 1992) (admission of expert report that "merely [told] the jury what result to reach" was harmless error) (internal quotations marks omitted) (modified in original)); see also Cameron v. City of New York, 598 F.3d 50, 62 (2d Cir. 2010) (witnesses, both lay and expert, may not present testimony in the form of legal conclusions as such testimony tells the jury what result to reach); Nimely v. City of New York, 414 F.3d 381, 397 (2d Cir. 2005) (admission of testimony as to legal conclusions is reversible error); United States v. Scop, 846 F.2d 135, 140 (2d Cir.1988), on reh'g, 856 F.2d 5 (2d Cir. 1988) (striking expert report containing legal conclusions as invading the province of the judge and the jury).

Mr. Gallogly's declaration includes improper opinion testimony about world events, how to read certain CMAI reports, and ultimate issues in the case. Examples include:

- Whether the downturn in petrochemicals in 2008 was part of the industry cycle or resulted from other causes, and whether other causes were foreseeable. Gallogly Decl. ¶ 20.

- How to interpret the CMAI report of Mr. Aggarwal and whether it is consistent with the report of Mr. Witte. Gallogly Decl. ¶ 25.

4

- Whether the debt level established by the Lyondell-Basell merger was sustainable. Gallogly Decl. ¶ 18.

This testimony does nothing more than encourage the Court to reach a particular result on critical issues in this case. Therefore, the declaration should be excluded.

## IV. The declaration is irrelevant and subject to exclusion under Rule 403.

Mr. Gallogly's declaration includes statements that are irrelevant to the proceedings and subject to exclusion under Rule 403. Mr. Gallogly has no personal knowledge of any relevant facts in this proceeding and was not an employee of Lyondell, Basell, or LBI at any time relevant to these proceedings. Mr. Gallogly was hired in May 2009, months after the bankruptcy filing, and his personal knowledge is limited to the period of time after the bankruptcy filing. A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of this matter. See Fed. R. Evid. 602.

Mr. Gallogly's limited knowledge is not useful to determine the facts at issue. Mr. Gallogly has no personal knowledge of the solvency or capital adequacy of Lyondell, Basell, or LBI at any time relevant to the claims asserted, including December 7, 2007, when Basell declared a €100 million dividend to NAG Investments, LLC; December 20, 2007, the date of the merger and various payments challenged as fraudulent conveyances and breaches of fiduciary duties; March 27, 2008, when LBI AF, Basell Finance, and Lyondell executed an agreement with AIH that created the $750 million Access revolver; and October 2008, when LBI drew and repaid $300 million on the Access revolver. Similarly, Mr. Gallogly has no personal knowledge of the manner in which earnings projections were developed by Lyondell and Basell management in 2007, and the particulars of the operational and historical data on which they were based. Nor could he. He was not with either Lyondell or Basell at that time.

5

Moreover, even if events long-post-dating the events at issue and the bankruptcy were relevant, to admit these matters would require a wasteful and confusing detour through the changes wrought to LBI by virtue of its trip through a contested bankruptcy proceeding. The bankruptcy had the effect of discharging the billions of dollars of LBO debt that crippled LBI and contributed to its collapse, along with billions of dollars of unsecured claims of vendors, bondholders, litigation counterparties and billions of dollars of environmental claims, both governmental and private. Since the bankruptcy, new management has replaced old management. Certain operations have been sold or idled, assets have been disposed of or updated. Likewise, the global competitive environment that exists at present is not the same competitive environment that existed in 2007-2008. To explain these facts would waste an enormous amount of time. The disclosure statement alone is 195 pages long, describes seven adversary proceedings brought within the bankruptcy cases, the benefits from the assumption and rejection of executory contracts (more than $35 million of secured and administrative claims waived and savings of about $110 million per year), a 15 page description of the debtors' North American restructuring and, notably, the opinion of the debtors' own investment banker as to the debtors' reorganization enterprise value of $15.2 billion (at the midpoint). This is only a brief description of the 4,470 docket entries in just the main chapter 11 case.

In other words, the testimony of Mr. Gallogly should be precluded under Rule 403 because to admit it would require a "trial within a trial," regarding the course of the bankruptcy proceedings themselves, changes in operations, changes in commodities prices, changes in management, changes in the industry. See <u>United States v. Al Kassar</u>, 660 F.3d 108, 124 (2d Cir. 2011) (no abuse of discretion to exclude evidence under Rule 403, where the evidence "would require a trial within a trial before the jury could determine whether there was any

6

meaningful analogy at all." (internal quotation marks omitted)); United States v. Aboumoussallem, 726 F.2d 906, 912 (2d Cir. 1984) (upholding exclusion of testimony to avoid a "trial within a trial"); see also Beastie Boys v. Monster Energy Co., 983 F. Supp. 2d 354, 358-59 (S.D.N.Y. 2014) (denying admission of evidence because it presented a substantial risk of trial delay). Allowing the declaration of Mr. Gallogly to be entered would result in a significant delay and unfairly prejudice the Trustee, and therefore, should be excluded.

## CONCLUSION

The Trustee respectfully requests that this Court (a) grant this motion and (b) grant the Trustee such other and further relief as this Court deems appropriate.

Dated: New York, New York
October 10, 2016

BROWN RUDNICK LLP

By: /s/ Sigmund Wissner-Gross
Sigmund Wissner-Gross, Esq.
May Orenstein, Esq.
Justin S. Weddle, Esq.
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

-and-

Steven D. Pohl, Esq.
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

*Counsel for Edward S. Weisfelner,
as Litigation Trustee of the LB Litigation Trust*

7