**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LYONDELL CHEMICAL COMPANY, *et al.*, | Case No. 09-10023 (CGM) |
| Debtors. | (Jointly Administered) |
| EDWARD S. WEISFELNER, AS LITIGATION TRUSTEE OF THE LB LITIGATION TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 09-1375 (MG) |
| LEONARD BLAVATNIK, *et al.*, | |
| Defendants. | |
| EDWARD S. WEISFELNER, AS LITIGATION TRUSTEE OF THE LB LITIGATION TRUST, | BC 18,0014 |
| Plaintiff, | |
| v. | Adv. Pro. No. 11-01844 (MG) |
| NAG INVESTMENTS LLC, | |
| Defendant. | |

**FINAL JUDGMENT IN ADVERSARY PROCEEDINGS**

A trial having been held in the above-captioned adversary proceedings over 13 days between October 17, 2016 and November 7, 2016, with closing arguments held on February 2, 2017, a written Memorandum Opinion and Order After Trial (the "Memorandum Opinion and Order") having been entered by the Court on April 21, 2017 (ECF Doc. # 919), directing defendants to settle a judgment, an initial judgment having been entered on May 15, 2017 (the

"Initial Judgment"), an appeal having been taken of the Initial Judgment, and an opinion and order having been entered by the United States District Court, for the Southern District of New York directing that the Initial Judgment be vacated, and judgment on the terms herein be entered; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Federal Rule of Civil Procedure 54, made applicable to these Adversary Proceedings pursuant to Federal Rule of Bankruptcy Procedure 7054, for the reasons set forth in the Memorandum Opinion and Order:

    a. On Count 1 of the Second Amended Complaint (Adv. Pro. 09-1375, ECF. Doc. # 732), a constructive fraudulent transfer claim seeking to avoid and recover Toehold Payment 1 from defendants AI Chemical Investments LLC ("AI Chemical"), Len Blavatnik ("Blavatnik"), and Nell Limited ("Nell"), judgment is hereby entered in favor of defendants and against Edward S. Weisfelner, as Trustee of the LB Litigation Trust (the "Trustee").

    b. On Count 2 of the Second Amended Complaint, an intentional fraudulent transfer claim seeking to avoid and recover Toehold Payments 1 and 2 from defendants AI Chemical, Blavatnik, and Nell, judgment is hereby entered in favor of defendants and against the Trustee.

    c. On Count 6 of the Second Amended Complaint, a claim for mismanagement and breach of duty under Luxembourg law against defendant Blavatnik, judgment is hereby entered in favor of defendant and against the Trustee.

    d. On Count 7 of the Second Amended Complaint, a claim asserting tort liability under Luxembourg law against defendants Blavatnik, Access Industries Holdings LLC

      ("AIH"),[1] Philip Kassin, and Lincoln Benet, judgment is hereby entered in favor of defendants and against the Trustee.

e.    On Count 9 of the Second Amended Complaint, a preference claim seeking to avoid and recover repayments under the Access Revolver from defendant AIH, judgment is hereby entered in favor of defendant and against the Trustee.

f.    On Count 10 of the Second Amended Complaint, an equitable subordination claim seeking to subordinate the unsecured claim of defendant AI International S.à.r.l. ("AI International") under the Access Revolver, judgment is hereby entered in favor of defendant and against the Trustee.

g.    On Count 11 of the Second Amended Complaint, a constructive fraudulent transfer claim seeking to avoid and recover fees paid to defendants Nell and Perella Weinberg Partners LP ("Perella Weinberg"), judgment is hereby entered in favor of defendants and against the Trustee.

h.    On Count 12 of the Second Amended Complaint, a breach of contract claim seeking restitutionary damages against defendants AIH and AI International, judgment is hereby entered in favor of the Trustee and against defendants in the amount of Twelve Million Dollars ($12,000,000), plus: (1) pre-judgment interest on the amount awarded in the Initial Judgment (Seven Million Two Hundred Thousand Dollars ($7,200,000)) against defendants AIH and AI International at the New York statutory rate of nine percent (9%) per year pursuant to CPLR 5004 ("PJI Rate"), in the total amount of $5,405,917.50 from December 31, 2008 through May 5,

---

[1] In his Second Amended Complaint, the Trustee asserted Count 7 against AIH. Before trial, the Trustee claimed to assert Count 7 against "Access Industries, Inc." instead. (ECF Doc. # 837 at 24). This judgment applies equally to AIH and Access Industries, Inc.

3

    2017, plus pre- and post-judgment interest between May 5, 2017 and the date of payment; and (2) pre-judgment interest on Four Million, Eight Hundred Thousand Dollars ($4,800,000) against defendants AIH and AI International at the PJI Rate in the total amount of $3,952,000.00.

  i. On Count 18 of the Second Amended Complaint, an aiding and abetting breach of fiduciary duty claim against defendants AIH[2] and AI Chemical, judgment is hereby entered in favor of defendants and against the Trustee.

  j. On Counts 1 and 2 of the NAG Amended Complaint (Adv. Pro. 11-01844, ECF Doc. # 9), fraudulent transfer claims against defendant NAG Investments, LLC, judgment is hereby entered in favor of defendant and against the Trustee.

2. The clerk is ordered to enter judgment in each of the Adversary Proceedings accordingly. This Court shall retain jurisdiction over all matters arising from or relating to the implementation of this final judgment.

  **IT IS SO ORDERED.**

Dated: February 22, 2018
   New York, New York

                 **/s/ Martin Glenn**
                 MARTIN GLENN
                United States Bankruptcy Judge

---

[2] In his Second Amended Complaint, the Trustee asserted Count 18 against AIH. As with Count 7, the Trustee claimed before trial to assert Count 18 against "Access Industries, Inc." as well (ECF Doc. # 837 at 42 n.29). This judgment applies equally to AIH and Access Industries, Inc.